SAMUEL A. BOTTUM *vs.* JOHN FOGLE.

The right of a party to establish the truth of exceptions under the Gen. Sts. *c.* 115, § 11, is limited to exceptions which have been duly presented to the court under § 7.

CONTRACT. Trial, and verdict for the plaintiff, in the superior court, before *Scudder*, J., at October term 1869, when the defendant alleged exceptions which the judge disallowed. In this court, at the present term, the defendant filed a petition for leave to establish the truth of exceptions, and the plaintiff filed an answer to the petition; the substance of all of which is stated in the opinion.

*C. Delano & J. C. Hammond*, for the defendant.

*W. Allen & D. W. Bond*, for the plaintiff.

CHAPMAN, C. J. The right to prove exceptions is given by the Gen. Sts. *c.* 115, § 11. It is carefully guarded, because it is to be presumed that the judge who presides at the trial not only understands his rulings and the exceptions that are made to them, but will impartially state them. But since there is danger of error, the right of the excepting party to prove his exceptions is reserved and provided for. In order to avail himself of it, he must comply with the provisions of the statute, as a condition precedent to the right to make the proof. This is the more important, as the judge whose statements are to be contradicted is not a party to the petition and is not supposed to be present at the hearing of the proof. His report is to be taken as true *primâ facie*, yet subject to be contradicted and disproved at a hearing in his absence.

The first step to be taken by the excepting party is prescribed by § 7: "A party aggrieved by an opinion, ruling, direction or judgment of the court in matters of law may allege exceptions thereto; such exceptions, being reduced to writing in a summary mode and filed with the clerk, and notice thereof given to the adverse party, may be presented to the court before the adjournment without day of the term in which the exceptions are taken, and within three days after the verdict in the case, or after the opinion, ruling, direction or judgment excepted to is given. For

good cause shown, a further time, not exceeding five days, unless by consent of the adverse party, may be allowed by the court." The exceptions (that is, the exceptions so reduced to writing and correctly stated and presented) may then be allowed, the opposite party having an opportunity to be heard.

By § 11, "if the justice disallows or fails to sign and return the exceptions, or alters any statement therein, and either party is aggrieved, the truth of the exceptions presented may be established before the supreme judicial court upon petition setting forth the grievance, and thereupon, the truth thereof being established, the exceptions shall be heard, and the same proceedings had as if they had been duly signed and brought up to said court with the petition."

What is here required to be set forth in the petition, as the grievance, consists of a statement of the exceptions that were presented in writing to the judge after being filed according to the statute, and an allegation that they were disallowed, or not signed and returned, though stated truly.

The petition in this case commences with a recital of things that took place at the trial, and evidence that was offered, and certain instructions given to the jury, and requests for instructions, and of exceptions then taken by the defendant; and alleges that the same were disallowed in the superior court, and that the defendant now seeks to establish them in this court. It does not allege that they were reduced to writing in a summary mode, or that any written statement of them was filed or presented to the judge. It seeks to prove exceptions here which are alleged to have been taken at the trial, independently of any written bill of exceptions presented to the judge.

The respondent, who is the plaintiff in the case, files an answer, in which he alleges, among other things, that the petition ought to be dismissed, because no copy of the exceptions presented is annexed to or set out in the petition, nor does it appear that any exceptions were filed or presented to the judge or notice thereof given to the adverse party; and that the exceptions now claimed are other and different from those presented to the judge. But he offers to waive his objections as to the filing and notice, if the

petitioner will now annex a copy of the written exceptions which he did present to the judge. This the petitioner declines to do, on the ground that he is not thus limited. But we are clearly of opinion that his petition is not within the statute, and does not present to this court the issues which the statute gives him the right to try, but does present other questions which the statute gives us no authority to consider. Undoubtedly he may waive some of the exceptions which were taken by him, as he states his intention to do; but as to the others, it should appear that they were as reduced to writing and presented to the judge; otherwise, the petition contains no basis for the introduction of the necessary evidence. *Petition dismissed.*