LOUIS COHEN *vs.* SAMUEL BERKOWITZ & trustee.

Suffolk. March 6, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Proceedings as to report to appellate division of Municipal Court of the City of Boston, and appeal therefrom to this court, Conduct of trial: requests and rulings, Exceptions. *Municipal Court of the City of Boston. Supreme Judicial Court.*

Under St. 1912, c. 649, § 8, and Rule E of the Municipal Court of the City of Boston, no appeal lies to this court from a decision of the appellate division of the Municipal Court of the City of Boston upon a petition for the establishing of exceptions taken to rulings of the judge presiding at a trial in that court.

A memorandum of the grounds of decision, filed by the judges of the appellate division of the Municipal Court of the City of Boston in dealing with a report under St. 1912, c. 649, § 8, presenting exceptions taken at a trial before a single judge of that court, is no part of the record upon an appeal to this court from the decision of the appellate division.

The record in this court on an appeal from a decision of the appellate division of the Municipal Court of the City of Boston under St. 1912, c. 649, § 8, should show the dates of the filing of all papers material to the record.

If the appellate division of the Municipal Court of the City of Boston, in dealing under St. 1912, c. 649, § 8, with a report of exceptions taken at a trial before a single judge of that court, decides that there was no prejudicial error in the rulings complained of, the order should be, "report dismissed." In this case an order made in the form, "Judgment for the defendant upon the finding ordered," while informal, was held to be in substance a dismissal of the report.

In an action of tort for an alleged conversion, tried in the Municipal Court of the City of Boston, certain requests for rulings involving findings of facts upon conflicting evidence were held properly to have been refused.

TORT for the alleged conversion of certain stoves sold by the plaintiff to a mortgagor in possession of certain real estate

of which the defendant was mortgagee. The defendant foreclosed the mortgage and, it was alleged, tortiously "took possession of" the stoves and converted them to his own use. Writ in the Municipal Court of the City of Boston dated September 3, 1912.

The case was tried in the Municipal Court before *Parmenter*, J., who found for the defendant. The plaintiff filed a draft of a report to be presented to the appellate division of the court under St. 1912, c. 649, § 8. The judge signed an amended report, and the plaintiff thereupon filed a petition to prove the truth of his exceptions, which was heard by the appellate division of the court, who upon that subject made the ruling, "No purpose will be served by establishing the plaintiff's form of report."

On the merits of the case the appellate division ordered "Judgment for the defendant upon the finding ordered," filing a memorandum with the order.

The plaintiff appealed to this court, and there were printed in the record before this court, besides the report of the trial judge and the judgment of the appellate division and the appeal therefrom, the draft report filed by the plaintiff, the plaintiff's petition for the establishment of his exceptions, and the memorandum of the judges of the appellate division filed with their judgment.

Rule E of the rules of the Municipal Court of the City of Boston, adopted under St. 1912, c. 649, § 8, is as follows:

"Establishment of reports: Whenever a claim of report shall be disallowed by a justice of this court as not conformable to the facts, or whenever any justice shall fail to allow such report by reason of physical or mental disability, death or resignation, or if for any other cause action on said report is unduly delayed, the party seeking the same may within three days after notice of such disallowance or such time as the appellate division may allow in any other such case, file with the clerk his petition, verified by affidavit, setting forth in full his claim for such report and all facts material thereto, and shall forthwith give notice to the adverse party by delivering to him, or his attorney of record, a copy of said petition. No party shall be allowed to establish the truth of any such allegations if he has failed to comply with the requirements herein prescribed. The matter shall upon motion

be assigned for hearing and disposition by the appellate division, either before said appellate division or one or more justices of the court other than the justice whose ruling is complained of, and if heard before said division, final action thereon may be taken in like manner as though said cause had been heard by said division upon the merits of the questions sought to be presented."

Other material facts are stated in the opinion.

*M. H. Steuer,* for the plaintiff.

*J. F. Sullivan,* for the defendant, was not called upon.

RUGG, C. J. This is the first case which has come before us under the provisions of St. 1912, c. 649. The purpose of this act is to provide a more expeditious determination of cases in the Municipal Court of the City of Boston, and a decision by appeal directly to this court on questions of law there raised.

One or two matters of practice lie at the threshold. The defendant filed a draft report in the municipal court. Afterwards, the judge before whom the case was tried, without passing upon the report filed by the aggrieved party, made an amended report. There is a faint intimation that the defendant may have agreed to the amended report. But thereafter he filed a petition to the judges of the appellate division of the municipal court asking that the truth of his exceptions taken before the single judge be established. There is nothing to indicate when this was filed. St. 1912, c. 649, makes no definite provision touching the proof of the truth of reports disallowed by the judge before whom the case is tried; but § 8 contains this language: "The court shall make rules regulating the procedure and sittings of the appellate division, for the preparation and submission of reports and the allowance of reports which a single justice shall disallow as not conformable to the facts. . . ." Pursuant to this authority, the judges of the municipal court have adopted certain rules, " E " of which relates to the establishment of reports. The substance of this rule is that petitions for the establishment of the truth of reports shall be determined by the appellate division, or other judge or judges assigned therefor. This rule means, in conjunction with the statute, that the truth of the report shall be passed upon finally and only in this way. The provisions of R. L. c. 173, § 110, for the establishment of exceptions taken in the Superior or Supreme Judicial Court by this court sitting *in*

*banc* are inapplicable to this procedure. This is in accord with the main and salutary purpose of the act, which is to expedite and make as inexpensive as is reasonably possible the final determination of questions of law arising in causes heard in the Municipal Court of the City of Boston. It is irregular, therefore, to print, as has been done in this case, the petition for the establishment of the truth of the report originally filed by the defendant. Its truth or falsity can be determined in the municipal court alone.

Upon the argument of the case before the appellate division, the judges filed what is termed " Opinion and Final Order," copy of which is printed in the record. Such opinion is no part of the record. It has been decided many times that a decision or memorandum by a judge of the Superior Court or a single justice of this court, in an action of law is no part of the record. *Cressey* v. *Cressey*, 213 Mass. 191. *Given* v. *Johnson*, 213 Mass. 251. *Regal* v. *Lyon*, 212 Mass. 230, 231. The same principle applies to the proceedings under this chapter. While such an opinion may serve a useful purpose, and be valuable to the parties, it is no part of the record upon which the case is to be argued in this court.

A further matter of detail as to the form of the papers is that the record shows no dates of filing of the several papers. The record presented to this court should show the dates upon which the material papers have been filed. The record also shows in this case that the decision of the appellate division was " Judgment for the defendant upon the finding ordered." Section 8 of the act provides that, "if the appellate division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or part; otherwise it shall dismiss the report." The action of the appellate division, although not following the words of the statute, was in substance a dismissal of the report. From that would follow the entry of final judgment in accordance with the determination of the trial judge.

The case upon the merits may be disposed of briefly. Whether the draft of the plaintiff, or the amended report signed by the judge be accepted as true, makes no difference as to the result. No error is disclosed. It is an action of tort for the conversion of stoves placed in buildings. The title to the stoves remained in

the plaintiff, although they were sold to one Greenbaum upon a conditional contract of sale. The defendant by virtue of a mortgage took possession for breach of condition of the real estate upon which were the stoves, and sold it under the power of sale. The trial judge found that the defendant had not refused to allow the plaintiff to take possession of the stoves or remove them from the premises, and had exercised no act of dominion over them, and that the plaintiff assented to the auction sale of the premises, and that at such auction it was publicly announced that the stoves were not included in the sale and were included in an omnibus exception from the memorandum of sale. It cannot be said that these findings of fact were not warranted. Assuming the statements in the draft report to be true, there was a conflict of evidence touching these points, and the judge found for the defendant. Under these circumstances it is plain that no error of law was committed in refusing to rule, in accordance with the plaintiff's first request, that he was entitled to recover. His fifth request, to the effect that "the acts of the defendant in refusing to let the plaintiff remove the property was in law a conversion, and made the defendant liable for the full value of the property," plainly could not have been given in view of the facts found by the judge. It is not a request for a ruling of law, but for a finding of fact. The sixth request was based also upon an assumption of facts which is contrary to the finding of the judge.

*Judgment affirmed.*