ALMA WILSON *vs.* CHECKER TAXI COMPANY.
HILDEGARD CARLSON *vs.* SAME.

Suffolk.   January 16, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Municipal Court of the City of Boston,* Report by trial judge, Appellate Division, Rule 40.   *District Court.   Rules of Court.*

Rule 40 of the Rules of the Municipal Court of the City of Boston (1922) is valid.

Rule 40 of the Rules of the Municipal Court of the City of Boston (1922) in conjunction with G. L. c. 231, § 108, means that the truth of the facts recited in the report as requested by the petition shall be passed upon finally by the Appellate Division or the judge or judges assigned therefor, and in no other way.

One ground of a motion by a plaintiff in an action in the Municipal Court of the City of Boston to dismiss a petition by the defendant to establish a claim for a report by the trial judge who had found for the plaintiff, was "because the alleged copy of the petition and affidavit delivered to the plaintiff's attorney does not contain a copy of any signature thereto." The record before this court, upon an appeal by the defendant from an order of the Appellate Division allowing the motion and dismissing the petition, contained no report of evidence or of rulings of law, and nothing to indicate that facts alleged in the motion were not found.   *Held,* that

(1) If the copy of the signature were omitted as alleged, there was ground for dismissal of the petition;

(2) No error was disclosed on the record.

Two ACTIONS OF TORT.   Writs in the Municipal Court of the City of Boston dated February 17, 1927.

In the Municipal Court, the judge found for the plaintiff in the first action in the sum of $236.50 and for the plaintiff in the second action in the sum of $251.50.   In each case the defendant claimed a report to the Appellate Division.   Its draft report was disallowed.   It then filed in the Appellate Division a petition for establishment of its claim for a report. The plaintiffs moved that the petitions be dismissed.   The motions were allowed.   The defendant appealed.

*J. F. Myron,* for the defendant, submitted a brief.

*A. F. Converse,* for the plaintiffs.

RUGG, C.J.   These are petitions for the establishment of reports disallowed by the trial judge of the Municipal

Court of the City of Boston. Each petition sets out questions of law alleged to have been raised at the trial of the case on its merits and disallowance of the claim for report by the trial judge. The Appellate Division in each case made an order, "Petition dismissed." From that order the defendant appealed. No report of evidence or of rulings of law is in the record.

It is provided by Rule 40 of the Rules of the Municipal Court of the City of Boston (1922) that "Whenever a claim of report shall be disallowed . . . the party seeking the same may . . . file with the clerk his petition verified by affidavit, setting forth in full his claim for such report and all facts material thereto, and shall forthwith give notice to the adverse party by delivering to him, or his attorney of record, a copy of said petition. No party shall be allowed to establish the truth of any such allegations if he has failed to comply with the requirements herein prescribed . . . ." This is a valid rule.

Each plaintiff filed a motion to dismiss the petition to establish the report on four different grounds. One of these grounds was "because the alleged copy of the petition and affidavit delivered to the plaintiff's attorney does not contain a copy of any signature thereto." Manifestly, if facts were found to support this ground, the petition for the report could not be established. *Thorndike, petitioner,* 244 Mass. 429. There is nothing in the record to indicate that such facts were not found.

Rule 40 of the Municipal Court (1922), in conjunction with G. L. c. 231, § 108, means that the truth of the facts recited in the report as requested by the petition shall be passed upon finally by the Appellate Division or the judge or judges assigned therefor, and in no other way. It cannot be said that any error of law is disclosed on this record. *Cohen* v. *Berkowitz,* 215 Mass. 68. *Sawsik* v. *Ciborowski,* 256 Mass. 583.

> *In each case order dismissing petition to establish the truth of the draft report affirmed.*