HARRY VENGROW *vs.* GEORGE F. GRIMES & another.

Suffolk.  November 10, 1930. — January 28, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Municipal or District Court,* Rules.  *Rules of Court.  Practice, Civil,* Appellate Division: establishment of report; New trial; Rules of court.

By reason of Rule 12 of the Municipal Court of the City of Boston (1928), which is valid, a motion for a new trial of an action on the ground of newly discovered evidence need not be considered where no fact upon which the motion rests is set out in the motion and there is no affidavit to verify such a fact.

The defendant at the trial of an action in a municipal court presented no requests for rulings.  Following a finding for the plaintiff, he filed a motion for a new trial, at the hearing of which he presented requests for rulings that as matter of law the motion should be allowed and that as matter of law the motion should be allowed as the finding for the plaintiff was against the law.  The motion was denied.  A draft report was disallowed.  A petition to establish the report was denied by the Appellate Division.  Upon appeal from such denial, it was *held,* that the two requests for rulings related to matters of law which might have been raised at the trial and which could not be raised as of right upon the motion for a new trial; and that the petition properly was denied.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated June 21, 1929.

At the trial in the Municipal Court, the trial judge found for the plaintiff.  Proceedings with reference to motions by the defendant Pave for a new trial are described in the opinion.  He appealed from an order by the Appellate Division denying a petition to establish a report as to such motions.

*E. M. Dangel, J. J. Holtz, & B. L. Gorfinkle,* for the defendant Pave, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This action was heard by a judge of the Municipal Court of the City of Boston. A finding was made for the plaintiff. No requests for rulings appear to have been presented at the trial on the merits and no report requested. One of the defendants (hereafter called the defendant) by leave of court filed a motion for a new trial. That motion was denied after hearing. Thereafter, the defendant filed a request for a report and subsequently a draft report. This claim of draft report was disallowed. Three days later the defendant filed another request for report and draft report. That also was disallowed. Then he filed a petition to establish his report before the Appellate Division. This petition was denied. The defendant appealed from that disallowance.

When a petition is filed to establish a report disallowed by the trial judge, the duty of the Appellate Division is somewhat similar to that of the full court respecting petitions to establish the truth of exceptions. *Cohen* v. *Berkowitz,* 215 Mass. 68. *Wilson* v. *Checker Taxi Co.* 263 Mass. 425. Rule 39 of the Municipal Court of the City of Boston (1928). See *Commonwealth* v. *Vallarelli,* 273 Mass. 240, 247.

One of the grounds alleged in the motion for new trial was newly discovered evidence. That ground need not be considered because by Rule 12 (1928) of that court the facts upon which such motion rests must be set forth and verified by affidavit and there were in this motion no facts set forth and no affidavit. The rule is valid. *Borley* v. *Allison,* 181 Mass. 246, 249. *Soebel* v. *Boston Elevated Railway,* 197 Mass. 46, 51.

It is a fundamental principle that one seeking review of the rulings and findings of a trial judge must set out enough on the record to enable an appellate tribunal to determine whether there has been prejudicial error. *Posell* v. *Herscovitz,* 237 Mass. 513, 516–517.

The defendant contends that on his motion for a new

trial he requested rulings to the effect that (1) as matter of law the motion should be allowed and (2) as matter of law the motion should be allowed as the finding was against the law. If it be assumed that these requests were presented and refused, there was no reversible error. Manifestly these two requests relate to matters of law which might have been presented at the trial on the merits and made the subject of a report in the event of adverse rulings. Such matters cannot be raised as of right upon a motion for a new trial. The trial judge cannot be compelled to rule upon them at that stage; although he may, if he chooses. *Energy Electric Co., petitioner,* 262 Mass. 534, 538, and cases cited. *Garrity* v. *Higgins,* 177 Mass. 414, 416, and cases collected. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 272 Mass. 84, 91.

The other grounds set forth in the motion for a new trial were addressed wholly to the sound judicial discretion of the trial judge. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24–25. There is nothing in the record before us to indicate abuse of discretion on the part of the trial judge. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496–497. Even if all statements in the draft reports presented and disallowed be taken at their face value, there is nothing to justify the inference that the trial judge did not fairly consider all the grounds for new trial or to show an erroneous ruling of law.

*Order denying petition to establish*
*report affirmed.*