WILLIAM A. PATTERSON *vs.* JACOB S. CIBOROWSKI & another.

Worcester.    September 22, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*District Court*, Appellate division. *Practice, Civil*, Requests, rulings and instructions; Findings by judge; Appellate division: establishment of report, appeal. *Evidence*, Competency. *Witness*, Competency.

It *was stated*, that it was neither necessary nor proper, in the record transmitted to this court upon an appeal from the disallowance in an appellate division of a petition for establishment of a report requested by a party after a trial in a district court, to print a stenographer's report of evidence received by a member of the Appellate Division before whom the petition was heard under Rule 30 of the District Courts (1922), where it appeared that such member rightly set forth the questions of law raised before him in his decision upon the petition.

Under Rule 30 of the District Courts (1922) the judge presiding over an appellate division referred to another member of the division for hearing a petition for establishment of a report. Such judge found against a contention of the petitioner and "dismissed" the report. There was no record of action by a majority of the Appellate Division. The petitioner claimed an appeal to this court from an order dismissing the petition "and all other matters of record." *Held*, that

(1) It seemed plain from the record that only one judge of the Appellate Division passed upon the petition to establish the report;

(2) Questions of law raised and decided at such hearing before one judge cannot be brought directly to this court by appeal: such a decision is not a final decision by the Appellate Division, from which alone an appeal lies to this court.

An appellate division of district courts consists of three judges, two constituting a quorum to decide all matters, and its function in rendering a final decision from which appeal lies to this court cannot be delegated to one judge.

While the correct course for a trial judge who disallows a report requested by a party to an action in a district court is to set forth succinctly the facts and reasons which impel him to that conclusion, so that the Appellate Division, required, under Rule 30 of the District Courts (1922), upon a petition to establish a report, to pass upon the question whether his conclusion was warranted, may have before it in brief and unmistakable terms the grounds upon which his action is based and is bound to consider and give due weight to such statements, and the trial judge is not supposed to be present at the hearing of such petition, the rule dispensing with his presence is not so inflexibly rigid that reversible error would be committed if he were present and testified and substantial justice appeared to be done notwithstanding his presence and testimony.

Where, in disallowing a report requested by a party to an action in a district court, the trial judge filed a certificate that the report was disallowed "because of" a certain specified sentence therein, which sentence purported to set out testimony by the plaintiff on cross-examination, such certificate was so equivocal in nature that no reversible error was committed in permitting the trial judge to testify at a hearing of a petition in the Appellate Division under Rule 30 of the District Courts (1922) for the establishment of the report; and he was not incompetent as a witness.

In a report by a trial judge of a district court of an action for the purchase price of an oil burner, the judge stated: "I find that the plaintiff sold and installed an oil burner for the defendants and that $420 is now due as alleged in the declaration. I find that an agreement dated April 8, 1929, and introduced in the evidence by the defendants was actually drawn at a later date, and that it was not binding upon the parties. The defendants' requests for rulings are denied. The plaintiff's request for ruling is allowed. I find for the plaintiff." The plaintiff's request was for a ruling of law that he was "entitled to recover." The defendant's requests were for a ruling that on all the evidence the plaintiff was not entitled to recover, (no specification of reason accompanying the request), and for a ruling based upon an assumption of facts which the judge did not find. *Held*, that

(1) Although it would have been error to grant the plaintiff's request as a ruling of law, the record, properly interpreted, showed that the judge, by granting it, meant merely that on all the evidence he found the facts in the plaintiff's favor;

(2) No error was disclosed in the refusal of the defendant's requests;

(3) The reference in the findings to an agreement dated April 8, 1929, was not happily phrased, but it did not signify that the judge found that there was a binding agreement made between the parties: it meant that the paper bearing that date was not such an agreement.

CONTRACT. Writ in the Central District Court of Worcester dated January 20, 1930.

The action was heard in the District Court by *Hartwell*, J., who found for the plaintiff in the sum of $424.20. The substance of a report to the Appellate Division for the Western District allowed by him, and also proceedings respecting the disallowance by him of a draft report filed by the defendant, and proceedings in the Appellate Division respecting a petition to establish that report, are described in the opinion. The first sentence of the decision of *Mason*, J., who heard the petition to establish the report, was: "The petition to establish report in this case was referred to me for hearing by the presiding justice." The last sentence was: "The petition to establish report is dismissed."

Rule 30 of the District Courts (1922) reads as follows:

"Whenever a claim of report shall be disallowed by a justice as not conformable to the facts, or whenever any justice shall fail to allow such report by reason of physical or mental disability, death or resignation, or if for any other cause action on said report is unduly delayed, the party seeking such report may within three days after notice of such disallowance, or such time as the Appellate Division may allow in any other such case, file with the clerk his petition, verified by affidavit, setting forth in full his claim for such report and all facts material thereto, and shall forthwith give notice to the adverse party by delivering or mailing postpaid to him or his attorney of record a copy of said petition and affidavit. No party shall be allowed to establish the truth of any such allegations if he has failed to comply with the rules herein established. Said petition and affidavit shall be forwarded forthwith to the presiding justice of his Appellate Division, who may refer the same for hearing and disposition to any

justice of said Division, and if not so referred the same shall be in order to be heard by said Appellate Division at its next sitting; if said petition is allowed and the report established, the same as allowed and established shall be returned to the clerk of the court from which it was sent, notice thereof given by him of its receipt to all parties, and the course of procedure as herein provided followed, as if the same had been duly allowed in the first instance."

*H. J. Meleski*, for the defendants.

*F. M. Jablonski*, for the plaintiff.

RUGG, C.J. The finding of the trial judge in this action of contract in a district court was for the plaintiff. Thereafter the defendants, desiring to take the case to the Appellate Division, filed a draft report. That draft report was disallowed by the trial judge in these words: "This report is *disallowed* because of the second sentence of the second paragraph on Page Two." That sentence was that "He [the plaintiff] further testified on cross-examination that the oil burner was to be a Super Oil Heater to be installed according to law and Fire Prevention Regulations and so as to give the defendants satisfaction and that if the defendants were not satisfied the oil burner was to be serviced so that the defendants would be satisfied." Thereupon the defendants filed a petition to establish the report in the form originally presented by them. Hearing was had before one judge of the Appellate Division of the Western District assigned to pass upon the questions raised by this petition. There is printed in the record what appears to be a stenographic report of the evidence received at this hearing. The printing of this evidence was unnecessary and improper because the judge who conducted the hearing rightly set forth the questions of law raised before him in his decision upon the petition. That judge found and decided that the plaintiff did not testify as alleged in the sentence sought to be incorporated in the report. He dismissed the petition to establish the report and signed his decision to that effect. No other signature is appended to it. That decision was filed on October 4, 1930. The defendants filed on October 7, 1930, an appeal from the order

dismissing their petition to establish a report "and all other matters of record to the Supreme Judicial Court."

There is nothing to indicate that the judges of the Appellate Division ever considered or passed upon the questions of law set forth in the decision of the judge to whom was referred for hearing the petition to establish the report. Their opinion contains no reference to these questions. It is silent on that subject. On the contrary, it seems plain from the record as a whole that that judge alone decided those questions of law. He performed the duty reposed in a judge so assigned under Rule 30 of the District Courts (1922). Questions of law raised and decided at such hearing before one judge cannot be brought directly to this court by appeal. It is only from a final decision of the Appellate Division that appeal lies to this court. The Appellate Division consists of three judges, two constituting a quorum to decide all matters. Its function in rendering a final decision from which appeal lies to this court cannot be delegated to one judge. Such decision must be rendered by the Appellate Division in order that appeal may be taken. *Matson* v. *Sbrega*, 250 Mass. 138. *Demers* v. *Scaramella*, 252 Mass. 430. Sections 110A, 110C added to G. L. c. 231 by St. 1922, c. 532, § 8, said § 110A being amended by St. 1925, c. 132, § 2, and G. L. c. 231, § 109, as amended by St. 1929, c. 265, § 2, and all as now set forth in St. 1931, c. 426, §§ 116, 117, 119. The appeal from the decision dismissing the petition to establish the report is not rightly before us. If the defendants had desired review by this court of the questions of law then raised, steps should have been taken to have them decided by the Appellate Division instead of attempting a direct appeal to this court. It cannot be thought that efforts to that end would have been impeded by the judge of the Appellate Division who held the hearing.

Since the record discloses irregularities and some looseness of practice, it seems wise to deal with the case a little more at length. Subject to the "exception" of the defendants, the trial judge was present at the hearing before the single judge of the Appellate Division on the petition to establish the

report, and having been called as a witness by the plaintiff testified as to what took place at the trial before him and particularly that the testimony described in the quoted sentence from the draft report was not given before him. It would have been the proper practice if the trial judge had made and signed a certificate with respect to the draft report as originally filed, to the effect that the sentence already quoted, recited in that report as testimony of the plaintiff, was not in fact given by the plaintiff and that the report was untrue in that particular and therefore was disallowed. Statements of fact made by the trial judge in such certificate are to be treated as true in the first instance and will stand as final unless rebutted, explained or overcome by other evidence. The correct course for a trial judge who disallows exceptions or a report is to set forth succinctly the facts and reasons which impel him to that conclusion. Then the tribunal required to pass upon the question whether his conclusion was warranted has before it in brief and unmistakable terms the grounds upon which his action is based, and is bound to consider and give due weight to such statements. It was said in *Bottum* v. *Fogle*, 105 Mass. 42, that "the judge whose statements are to be contradicted is not a party to the petition [for the establishment of exceptions] and is not supposed to be present at the hearing of the proof." That principle in substance has been frequently reaffirmed and states the general practice as to the establishment of exceptions under G. L. c. 231, § 117. In general, the same practice ought to prevail with respect to reports by a trial judge in district courts. *Vengrow* v. *Grimes*, 274 Mass. 278. As applied to such reports, however, the rule stated in *Bottum* v. *Fogle*, 105 Mass. 42, is not inflexibly rigid provided substantial justice appears to have been done. In the case at bar the indorsement of the trial judge disallowing the report was equivocal in nature. It may have meant that the testimony was not given at all by the plaintiff. It may have meant that, although such testimony was given, it was not believed or was met and controlled by contradictory testimony found to be credible, or that the sentence included in

the report was not a fair presentation of what occurred at the trial. Perhaps it is susceptible of other interpretations. In these circumstances it became the duty of the judge of the Appellate Division to ascertain the truth concerning the sentence in question. Whether the plaintiff gave such testimony was a vital question to be determined. The trial judge heard that evidence and was under the heavy duty of passing upon its weight for the purpose of determining the rights of the parties. He of all persons may be presumed to have been impartial in his efforts to know with some degree of exactness what evidence was given in order that he might weigh it intelligently. The performance of his function as judge was at an end so far as concerned this aspect of the case. The Appellate Division could not pass upon the questions of law raised without having a true report of what occurred before the trial judge. The hearing before the judge of the Appellate Division was not a new process or a new proceeding, but a step in procedure in the existing case. In these circumstances it cannot. rightly be said that the trial judge was incompetent as a witness. Cases like *Tufts* v. *Newton*, 119 Mass. 476, where it was held that oral evidence of reasons for the action of the judge under review upon writ of error was not admissible, are not applicable to the case at bar. The same is true of *Fleming* v. *Clark*, 12 Allen, 191, 198. Wigmore on Ev. (2d ed.) §§ 1909, 2372. Even if considered on its merits, the record does not show error harmful to the rights of the defendants in the disallowance of the report. *Moneyweight Scale Co., petitioner*, 225 Mass. 473. *C. F. Hovey Co., petitioner*, 254 Mass. 551, 554. *Commonwealth* v. *Vallarelli*, 273 Mass. 240. The truth or falsity of facts set forth in the petition to establish the report is to be determined finally by the Appellate Division. *Cohen* v. *Berkowitz*, 215 Mass. 68. *Sawsik* v. *Ciborowski*, 256 Mass. 583. *Wilson* v. *Checker Taxi Co.* 263 Mass. 425. Doubtful questions of law fairly raised at the hearing on such a petition may be brought to this court on appeal from the Appellate Division after its final decision of the case.

After the decision dismissing the petition to establish the

report, a report was made by the trial judge. He filed a finding of facts and ruling (incorrectly termed a "Memorandum," *Commonwealth* v. *O'Neil,* 233 Mass. 535, 543; *Commonwealth* v. *Marrelli,* 266 Mass. 113, 115) in these words: "I find that the plaintiff sold and installed an oil burner for the defendants and that $420 is now due as alleged in the declaration. I find that an agreement dated April 8, 1929, and introduced in the evidence by the defendants was actually drawn at a later date, and that it was not binding upon the parties. The defendants' requests for rulings are denied. The plaintiff's request for ruling is allowed. I find for the plaintiff in the amount of $424.20, being the amount declared upon with interest."

Stated baldly the ruling that the plaintiff was entitled to recover was error. It is manifest, however, from the finding and decision as a whole, that the trial judge did not intend to treat the request for a ruling that the plaintiff was entitled to recover as a ruling of law. Although not aptly expressed, plainly all that the judge meant was that on the evidence as a whole he found that the plaintiff had proved his case by the greater weight of credible evidence and was therefore entitled to recover. Rarely can it be ruled as matter of law that a plaintiff has made out his case on oral testimony. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. The record as an entirety shows that the trial judge did not make a ruling of law in that sense.

There was no error in denying the requests for rulings presented by the defendants. The first, to the effect that the plaintiff was not entitled to recover, could not rightly have been granted. Whether the plaintiff ought to recover was a question not of law but of fact to be determined upon a weighing of all the evidence. Furthermore, the request did not conform to the Rules of the District Courts. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268.

The second request was based upon certain alleged facts which, from the other findings made, obviously were found not to exist by the trial judge.

The reference in the second sentence of the findings of the

trial judge to an agreement dated April 8, 1929, is not happily phrased, but it does not signify that he found that there was a binding agreement made· between the parties.    It means that the paper bearing that date was not such an agreement.

*Order dismissing report affirmed.*