Jones, P. J.
This is a petition to establish a report in the above entitled action, which was heard by this court sitting in banc.
The draft report was duly presented to the trial judge who, upon hearing the defendant’s motion to dismiss said petition, made the following ruling:
“Dismissed (Debtor’s motion to dismiss is considered as a request for ruling of law and as such is GIVEN),*’
and further decided that the Appellate Division has no jurisdiction to review the case. This decision raises. at once the issue of jurisdiction of the Appellate Division over this petition.
The claim for a report could not be dismissed upon this ground, as otherwise the decision of the trial judge would be final on a matter of law.
The petitioner seems to come within the requirements of Rule XXX of the Rules of the District Courts which provides that “Whenever a claim of reports shall be disal *2 lowed by a Justice as not conformable to the facts, or for any other cause, * * * the party seeking the same may * * * file with the clerk his petition verified by affidavit setting forth in full his claim for such report.”
All of these preliminary steps have been taken by the petitioner and the trial judge disallowed the claim for a report because of want of jurisdiction in the Appellate Division to review the case. This action, we think, was wrong. Patterson vs. Ciborowski, 277 Mass. 260.
The trial judge in his disposition of the report fairly states why he disallows the report, but he fails to state, as required by Patterson vs. Ciborowski, 277 Mass. 260, “in brief and unmistakáble terms the grounds upon which his action is based. ’ ’
The trial judge does state that he disallows the claim for a report because of lack of jurisdiction, but how he comes to such a conclusion is left in the clouds. He gives no reason for the same.
In fact, to disallow a report a judge must disallow it because not conformable to the facts or for some other good cause, and the correct procedure for a trial judge to follow is laid down in Patterson vs. Ciborowski, 277 Mass. 260; Wilson vs. Checker Taxi Co., 263 Mass. 425; Sacks vs. McKane, 281 Mass. 11.
The case of Winer vs. Sharf, 1938 — 3 A. D. R. 42, has no application to the case at bar.
Inasmuch, therefore, as the form of report stated in and annexed to the petition properly raises a question of law, we fail to see any reason against the allowance and establishment of the report and we, therefore, allow it in form as annexed.