Estes, P. J.
In this action of tort the plaintiff seeks to re.cover for personal injuries. He had his mother’s automobile, which, with her permission he was using for purposes of his own. He 'had parked the ear on a street in Falmouth, Massachusetts, and after “3-4 minutes” he opened the left door so that it was; ‘ ‘-a little beyond’ ’ the running board, and “had his foot on the running board, when 'the defendant, coming from his rear, collided with the door causing it to swing around against the fender.” The- plaintiff was injured. There was testimony that “the. collision followed the opening of the door almost simultaneously”. Before opening the door the plaintiff looked toward the rear and saw nothing appr caching.
In a companion case by the plaintiff’s- mother the court found for the. plaintiff, hut in this action found that “the *69 plaintiff was .guilty of contributory negligence, and found for the defendant; no requests, for findings of facts or rulings of law were filed.
1. The plaintiff claiming to be aggrieved by the finding, claimed a report and filed a draft report. The defendant filed a motion that the Request for Report and Draft Report be dismissed because the plaintiff .did not deliver or mail to the trial Justice a copy of the Draft Report as required by Rule 28.
The Judge stated that he had not received a copy and, without any additional evidence by either party, allowed the motion.
The plaintiff argues that the judge could not infer that a copy had -not been mailed to him, that the burden of establishing the fact that a copy of the draft report had not been mailed or delivered to -the judge was upon the defendant. We do not agree with this contention. Certainly the judge had knowledge that no copy had been delivered to or received by him. It is true: that mailing carries the inference that it has been received; but the plaintiff concedes that there is no decision that failure to receive it precludes an inference that no copy was mailed. We think the burden to go forward to .show that the copy had been mailed was: upon the plaintiff, and that failure to. do so allowed the judge to draw the inference- that none had been mailed. Not complying with the Rule was fatal, Wind Innersole and Counter Co. Inc. vs. Geilich, 1944, A. S. 1651. However, allowance of the -motion did not harm the plaintiff, because the judge- could not establish the report, since no question of law had been raised by requests for rulings, or if established there would be nothing for the Appellate Court to consider. Burick vs. Boston Elevated Railway, 293 Mass. 431 at 434; Baker vs. Davis, 299 Mass. 345 at 348.
*70 2. The plaintiff filed a motion for a new trial which was heard at the same time 'as .the motion to dismiss above discussed.
The motion for a new trial alleged that the finding was (1) against the evidence, (2) against the law, (3) against the weight of the evidence, and (4) there was no evidence which warranted the court in finding that the plaintiff was guilty of contributory negligence.
This motion was denied.
It is so well settled that a motion for. a new trial is addressed to the discretion of the court, and that its denial will be overruled only because of an obvious abuse of that discretion, citations seem superfluous. If on any evidence most favorable to the prevailing party the judge could find facts ¡that justified a finding of contributory negligence the denial of the motion in his discretion will not be disturbed. Here, after hearing the witnesses, he concluded and found that the defendant was negligent. Then, after hearing the motion, and again considering the evidence, he was of the same mind and denied the motion. One bit of evidence, if no other would justify his finding. A witness testified that the opening of the door and the collision were almost simultaneous'. Regardless of how negligent the defendant was we can not say that on such evidence the judge could not find negligence on the part of the plaintiff. Furthermore', all the questions raised in- the motion could have been raised by Requests for Rulings. See Peterson vs. Hopson, 306 Mass. 597 at 600, which also holds that ‘ a judge sitting without a jury need not entertain a motion for a new trial- based on the ground that the finding was against the evidence or the weight of the evidence. ’ ’
No error appearing, the report is dismissed.