*Municipal Court of the City of Boston*

No. 338778

**RUTH BLANK**

v.

**HATTIE GORNEY**

(September 14, 1954)

*Fox, J.* This is an action of contract to recover damages in the amount of $1,108.00 for a European tour undertaken by the defendant.

The facts found by the trial judge were that the defendant contracted for an extensive tour of Europe with the University Travel Company, a Massachusetts company, and paid for the same in advance. When the defendant reached Italy, and before the trip was completed, she became ill and cancelled the remainder of the tour. A representative of the University Travel Company paid the defendant a visit, arranged for medical treatment, and advised her that a representative of Compagnia Italiana Turismo, an Italian tourist agency, was to get in touch with her and either arrange for her to return to the United States or assist her in completing the tour. After the de-

fendant had sufficiently recovered from her illness, she visited the Italian Tourist Agency and arranged for a European tour substantially different from the original itinerary, but including, however, the trip home which had been part of the original tour arranged by the University Travel Company. The defendant made the tour as arranged for her by the Italian Tourist Agency and returned to the United States without paying for it.

The claim had been assigned to the plaintiff in this case by the Italian Tourist Agency.

There being no dispute about the amount, the court found for the plaintiff for the sum of $1,108.00.

The Court made the following specific findings of fact:—

"I find that the defendant purchased a tour from the plaintiff's assignor with the full knowledge that she was to pay for the same. I find that at the time she purchased this tour she knew she had to pay something for it, but she did not know how much. I find that the plaintiff's assignor is in no respect obligated to the defendant, on account of the tour which defendant was unable to complete because of illness."

The report states that it contains all the evidence material to the questions reported.

At the close of the trial and before the final arguments, the defendant filed several requests for rulings, which will be discussed separately and in the order presented.

1. "Upon all the evidence as a matter of law the plaintiff is not entitled to recover."

There was no error in refusing to grant this request. This refusal was made properly under Rule 30 of the Municipal Court of the City of Boston. *Garrett v. M. McDonough*, 297 Mass. 58.

Whether the plaintiff ought to recover was a question not of law but of fact to be determined upon a weighing of all the evidence. *Patterson v. Ciborowski*, 277 Mass. 260.

Requests for rulings that evidence did not warrant a finding for the plaintiff could not properly be given unless findings for the defendant were required as a matter of law. *Hooper v. Kennedy,* 320 Mass. 576.

2. "Upon all the evidence as a matter of law the defendant never entered into a contract with the plaintiff."

The trial judge refused to grant this request.

According to the report, there was ample evidence to warrant a finding that a contract was made between the parties and that pursuant thereto services were rendered and disbursements made as alleged and that the amount specified was due to the plaintiff's assignor from the defendant. *Holton et al v. American Pastry Products Corp.,* 274 Mass. 268.

3. "Upon all the evidence as a matter of law the plaintiff at most was merely an agent of another party."

The trial judge found as a fact that the plaintiff's assigsor was not the agent of "another party." His refusal to grant this request, therefore, was not erroneous.

The denial of the requests one, two and three, so far as they are for findings of fact, present no question of law. The trial judge in an action at law is not required to pass upon such requests. His duty is to pass upon relevant requests for rulings of law and to decide the case. *Wrobel v. General Accident, Fire and Life Assurance Corp., Ltd.,* 288 Mass. 206.

4. "Upon all the evidence as a matter of law the defendant is entitled to set off any claims she may have against any claim sought by the plaintiff."

In granting this request and in finding for the plaintiff for the full amount claimed by the plaintiff, the court has in effect found that the defendant has not shown that she was entitled to any credit in reduction of the plaintiff's claim.

The natural inference of the court's finding is that the defendant is not entitled to any set-off.

There being no prejudicial error, the report is to be dismissed.

*Report Dismissed.*

Edward S. Stutman, for the plaintiff.
Bernard Gardner, for the defendant.