No. 360557

## THE HAINES CORPORATION

### v.

## WINTHROP SQUARE CAFE, INC.

(January 13 — March 6, 1956)

*Riley, J.* There are before us two petitions to establish a draft report, both filed by the defendant and both relating to the self same report.

The first petition, filed December 8, 1955, is predicated on a hearing held on December 5, 1955 at the conclusion of which the petitioner alleges that the trial judge orally indicated his intention to disallow the draft report then before him. The second petition filed December 20, 1955, is predicated on the same hearing on December 5, 1955, and on the same draft report, but recites that it is filed under the rules of court because of the trial judge's written disallowance of the draft report under date of December 16, 1955.

Believing that the first mentioned of these petitions, which was undoubtedly filed through an abundance of precaution, became moot upon the filing of the second or formal petition filed under the rules, we lay the first aside, presently, and proceed to treat of the second petition.

The action of the trial judge, (*Fox, J.*), after hearing held on December 5, 1955 in disallowing the draft report on December 16, 1955, was in writing and contained a signed certificate as to said draft report, to the effect that the statements of evidence contained therein were inaccurate or not part of the evidence introduced; that it failed to state all the evidence material to the questions to be reported, and, that it contained matters not pertinent; and that for such reasons the draft report was disallowed.

He also recited therein, that the defendant has refused to put the draft report in the form proposed by the trial judge as the form he would sign, and has annexed a copy of such proposed report to his written disallowance.

Reading the trial judge's disallowance it appears that this was an action of contract wherein the plaintiff seeks damages for breach of a provision of a lease to furnish reasonable heat incidental to the occupancy of certain premises owned by the defendant and occupied by the plaintiff; the case was tried at length, and at the close of the evidence both plaintiff and defendant filed requests for rulings; that the trial judge acted upon the requests and also made findings of fact, and found generally for the plaintiff.

Thereafter, the defendant filed both a claim of report and a motion for a new trial. The claim of report which reads: "The defendant, being aggrieved by the court's finding and rulings, claims a report to the Appellate Division", fails to meet the requirements of Rule 30 of the Rules of the Municipal Court of the City of Boston (1952), requiring such request to contain "a clear and concise statement of the ruling upon which a rehearing is requested, sufficiently full and accurate for identification", and could properly have been disallowed as a claim, "on the ground that the defendant had not shown itself to be entitled to a report." *Stafford v. Commonwealth Co.*, 263 Mass. 240 at 242.

Notwithstanding all of this, the trial judge on August 17, 1954, fixed a time for the filing of a draft report as of August 31, 1954; which date came and went with no report being filed.

Apart from the inadequate request for report, this instance of failure to keep alive or preserve whatever question of law the defendant may have had determines its rights. *Wilson v. Checker Taxi Co.,* 263 Mass. 425.

At the hearing held on the motion for a new trial, February 23, 1955, the defendant filed requests for rulings of law. The motion was denied. The requests for rulings were refused on the ground that the questions raised at the trial had not been preserved.

In this there was no error.

Questions of law which might have been raised at the trial on the merits, or which were raised and then abandoned and not preserved, cannot be raised as of right on a motion for a new trial. *Energy Electric Co., Petitioners* 262 Mass. 534.

There was no error in the denial of the motion for a new trial. Its disposition rests in sound judicial discretion. There was no error in the denial of the requests for rulings, — the trial judge not having elected to deal with them on their merits.

There is nothing to merit the establishment of the defendant's draft report.

Ordered:
The petition to establish filed on December 8, 1955 is ordered stricken from the docket.

The petition to establish filed on December 20, 1955 is denied.

Samuel A. Valenti, for the Petitioner.

Jacob Levy, for the Respondent.