THE HAINES CORPORATION *vs.* WINTHROP SQUARE CAFE,
INC.

Suffolk.   October 5, 1956. — December 7, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Practice, Civil,* Appellate Division: establishment of report; New trial;
Requests, rulings and instructions.

Questions of law which were or might have been raised at the trial of an
action cannot be raised as of right on a motion for new trial.  [154]
An order by an Appellate Division denying a petition to establish a draft
report was affirmed where it concluded that the draft report was not
conformable to the facts and that the petitioner did not have a meri-
torious case.  [154]
In an action in a District Court against a corporation for breach of a
lease claimed by the defendant at the trial to have been executed by
one of its officers without authority, there was no merit in contentions
by the defendant that the trial judge surprised it by ruling that the
lease was unauthorized but finding that it had been ratified, and that
the defendant had no reason to anticipate the issue of ratification at
the trial and could rightfully raise it by requests for rulings on a mo-
tion for new trial, where it appeared from the record that at the
trial the defendant by leave of the trial judge filed a supplemental re-
quest for a ruling that there had been "no ratification by the defendant
of the lease" and that the judge denied the request by failure to act
on it.  [154–155]
There was no inconsistency between a ruling that a lease purportedly
given by a corporation was executed by one of its officers without au-
thority, and a finding that the lease had been ratified "by the con-
duct of the parties."  [155]

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated March 7, 1953.

The action was heard by *Fox,* J.

*Joseph G. Kelly,* for the defendant.

*Jacob Levy,* for the plaintiff.

WILKINS, C.J.   This is a petition to establish a draft
report which the trial judge disallowed "as not conformable
to the facts."   G. L. (Ter. Ed.) c. 231, § 108, as amended.
In the action, which was in contract for failure to furnish

reasonable heat under a written lease, there was a finding for the plaintiff (respondent) against the defendant (petitioner). There was a hearing before a justice in the Appellate Division. Rule 32 of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952). From an order denying the petition, the petitioner appealed.

The trial judge in his disallowance of the draft report stated that the report was not in conformity with the evidence; contained statements of evidence which were inaccurate or were not part of the evidence; failed to state all the material evidence; and dealt with matters not pertinent or proper in a report of the questions sought to be reported. There was annexed to the disallowance a report in a form proposed by the trial judge which the defendant (petitioner) had refused to accept.

The justice who heard the petition in the Appellate Division filed an opinion which contained the following: At the close of the evidence the trial judge acted upon requests for rulings made by each party, made findings of fact, and found generally for the plaintiff. The defendant filed both a claim of report (not the draft report on the motion for a new trial now before us) and a motion for a new trial. That claim of report read, "Now comes the defendant and being aggrieved by the court's finding and rulings claims a report to the Appellate Division." It failed to meet the requirements of Rule 30 of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952), as it did not contain "a clear and concise statement of the ruling upon which a rehearing is requested, sufficiently full and accurate for identification." It could properly have been disallowed "on the ground that the defendant had not shown itself to be entitled to a report." *Stafford* v. *Commonwealth Co.* 263 Mass. 240, 242. Nevertheless the trial judge fixed a date for the filing of a draft report, but the date passed with no report filed. Wholly apart from the inadequate request for report, the failure to preserve whatever questions of law the defendant may have had determined its rights. *Wilson* v. *Checker Taxi Co.* 263 Mass. 425. At the

subsequent hearing on the motion for a new trial, the defendant again filed requests for rulings. The motion was denied, and the requests for rulings were refused on the ground that the questions raised at the trial had not been preserved. In this there was no error. Questions of law which might have been raised at the trial on the merits, or which were raised and then abandoned and not preserved, cannot be raised as of right on a motion for a new trial. *Energy Electric Co., petitioner*, 262 Mass. 534.

The justice in the Appellate Division concluded that there was no error either in the denial of the motion for a new trial, which was a matter resting in sound judicial discretion, or in the denial of the requests for rulings, as the trial judge did not elect to deal with them on their merits; and that "There is nothing to merit the establishment of the defendant's draft report."

The opinion of the justice in the Appellate Division was in substance a holding that, contrary to the allegation of the petition, the draft report was not "conformable to the truth," or in the language of G. L. (Ter. Ed.) c. 231, § 108, as amended, it was "not conformable to the facts." There also was in substance a holding that the petitioner did not have a meritorious case.

The petitioner contends that the requests for rulings made at the hearing of the motion for new trial related to questions which could not have been raised at the trial on the merits. Stated briefly and in general terms, the petitioner's contention is that in the course of the trial it raised an issue as to the authority of its president to execute the lease; that when the trial judge made his findings he surprised the defendant (petitioner) by ruling that there was no authority and by finding a ratification; and that there was an inconsistency between the rulings and the findings.

The truth or falsity of facts set forth in a petition to establish a report is to be determined finally by the Appellate Division, although doubtful questions of law fairly raised at the hearing on the petition may be brought to this court on appeal from the final decision of the Appellate Division.

*Patterson* v. *Ciborowski*, 277 Mass. 260, 266, and cases cited. *Squires* v. *Toye*, 291 Mass. 342. *Burick* v. *Boston Elevated Railway*, 293 Mass. 431, 434–435.

An inspection of the draft report presented by the petitioner (defendant) shows that with permission of the trial judge it presented a supplemental request for a ruling "That there has been no ratification by the defendant of the lease declared upon." The judge took no action on this request. Such failure to act was in effect a denial of the request. *Georgeopoulos* v. *Georgeopoulos*, 303 Mass. 231, 234. The petitioner (defendant) could have requested a report on this refusal to rule that there was no ratification. In any event, the record does not sustain its argument in this court that it "had no grounds on the evidence to anticipate a finding and ruling of law that 'ratification by the conduct of the parties' gave validity to an unauthorized lease," or that "This concept occurred after trial, not in the course of the trial." It is obvious that the petitioner (defendant) anticipated the possibility of an adverse ruling on the issue of ratification. The exact basis for that anticipation is not important. Enough appears to demonstrate that the issue could not be revived as of right by a motion for new trial. We are likewise of opinion that there was no inconsistency between the rulings and the findings.

*Order denying petition affirmed.*