*Southern Division*

## DAVID B. NEWCOMBE
### v.
## FRANK J. HAYES

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried in the District Court of Western Norfolk (Wrentham). No. 16742.

*Cox, J.* ▉ The justice to whom the presiding justice of the Appellate Division assigned the defendant's petition to establish a report has himself reported for our determination the following two questions:

1. Does the single Justice of the Appellate Division have the authority to deny a petition to establsh a report or must action be taken by the full court?

2. Is the petition to establish the report in this matter properly before the Appellate Division?

We dispose of the case by consideration of the second question, holding that the matter is not properly before the Appellate Division and that the case shall be disposed of as if no claim of report had been made by the defendant.

This is an action of tort to recover for damages to the plaintiff's automobile. There was a finding for the plaintiff on June 20, 1956 in the sum of $602.39. It does not appear that the defendant had filed requests for rulings of law before closing arguments. Rule 27 of the District Courts (1952). Neither did the defendant file a request for a report within five days after the notice of the finding. Rule 27. Nor did the defendant file a draft report within ten days after notice of the decision, as required by Rule 28 of a party requesting a report. A draft report filed within five days after notice of decision is deemed to include a request for a report. Rule 27. It is manifest, therefore, that the defendant

has not complied with the Appellate rules so far as protecting his rights to a review of the judge's decision in the plaintiff's favor. Instead of requesting a report and filing a draft report within the time required by the rules, the defendant on the day after the judge's decision filed a motion for a new trial. Thereafter, the course of the proceedings was as follows:

On *December* 9, 1957 the plaintiff moved to dismiss the defendant's motion for a new trial. This was denied over five months later on *May* 21, 1958 after a hearing. Within five days, to wit, on *May* 26, 1958, the defendant filed a draft report which is the report he has petitioned to have established and in which he claims to be aggrieved "by a ruling at the trial that the plaintiff was not guilty of contributory negligence" and by the alleged failure of the judge to allow the defendant to be heard on his motion for a new trial on the grounds that "the finding was contrary to the evidence" and "against the weight of the evidence". At the time the defendant filed the draft report the judge had not then denied the defendant's motion for a new trial. The defendant's motion for a new trial was heard and denied later on *June* 4, 1958.

On *June* 7, 1960, more than two years later, the defendant marked the draft report for a hearing, but he took no action upon it and on *June* 31, 1962 his attorney received from the court a notice which stated "Draft

Report by the defendant is disallowed because of delay in taking action thereon." No effort was made by the defendant to vacate that action by the judge. See Rule 39. Thereafter, on *February* 5, 1962, the defendant filed a motion to extend to *February* 21, 1962 the time for filing his petition to establish report which motion was allowed on *February* 21, 1962 and on that same day he filed the present petition to establish report.

■ As already observed, the defendant (a) did not file with the clerk a request for a report within five days after notice of the finding for the plaintiff, nor (b) did he file any draft report within either five or ten days after the decision. Rule 28 provides that:

"The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause provided the cause be then ripe for judgment except for the pendency of requests for rulings and request for a report or a motion for a new trial—otherwise within ten days after the cause becomes ripe for judgment."

Thus it is clear that the failure of the defendant to file a request for a report or a draft report within the times required by the rules lost for him his appellate rights, the cause then being ripe for judgment unaffected by his motion for a new trial. Rule 28.

■ Questions of law which might have been raised at the trial on the merits but which were not preserved, "cannot be raised as of right on a motion for a new trial." *The*

*Haines Corp. v. Winthrop Square Cafe, Inc.,*
335 Mass. 152, 154.

After his motion for a new trial was denied it again became incumbent upon the defendant in order to protect his appellate rights to file a request for a report or a draft report within the five days required for a request for a report. This he did not do and his failure is fatal. The draft report he filed on *May* 26, 1958 was premature, so far as a denial of his motion for a new trial was concerned, for it was not until *June* 4, 1958 that said motion was denied.

The defendant's petition to establish report should be disallowed on the ground that he has not shown himself entitled to a report. *The Haines Corp. v. Winthrop Square Cafe, Inc.*, 335 Mass. 152.

An order should be entered dismissing the defendant's petition to establish report and directing that the case be disposed of as if no claim of report had been made by the defendant.