WALTER R. STAFFORD *vs.* THE COMMONWEALTH COMPANY.

Suffolk.  January 12, 13, 1928. — April 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil*, Appeal, Appellate Division, Request for report, Rule 36 of the Municipal Court of the City of Boston (1922). *Negligence*, Contributory, Motor vehicle, In use of way. *Rules of Court. Evidence*, Presumptions and burden of proof.

After trial of an action of tort in the Municipal Court of the City of Boston in which there was a finding for the plaintiff, the defendant on June 7 filed a request for a report and on July 2 the judge filed a report.   A petition under Rule 40 of the Municipal Court (1922) by the defendant to establish a report was denied by the Appellate Division on October 6. On appeal by the defendant, his petition was not included in the record. *Held*, that there was no error shown in denying the petition.

A request for a report to the Appellate Division of the Municipal Court of the City of Boston, which recited "that at the trial of this case it [the defendant] requested certain rulings which were denied and . . . it requests that the matter be reported . . ." does not comply with Rule 36 of the Municipal Court (1922).

At the trial of an action of tort in a municipal court, it appeared that the plaintiff, while operating a taxicab at a reasonable speed on the right side of the road on an evening in February, observed an automobile approaching in the opposite direction at a speed of fifteen or twenty miles an hour, and, following it and one hundred fifty to two hundred feet from the taxicab, a second automobile operated by an agent of the defendant and proceeding at a speed of about thirty-five miles an hour; that when the second car caught up with the first, it turned without

slowing down toward the center of the road as if to pass the first car, and then, as that car increased its speed, suddenly turned in behind it; that in so doing it skidded across the road and struck the taxicab; that the plaintiff did not change the course or speed of the taxicab; that there was nothing to indicate that the second car would do as it did; and that the plaintiff could have done nothing to prevent the accident. *Held*, that there was no evidence upon which it could have been found or ruled that the plaintiff was not in the exercise of due care.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated December 29, 1925.

It was stated in the report that at the time of the accident described in the opinion the name of the defendant corporation was Cadillac Automobile Company of Boston. Before the action was brought the defendant's name was changed to The Commonwealth Company.

Material facts found at the first trial in the Municipal Court are stated in the opinion. The judge at the first trial found for the defendant. Upon report of the case to the Appellate Division, the finding was vacated and a new trial was ordered. The defendant appealed. At the second trial, there was a finding for the plaintiff in the sum of $500. A petition by the defendant to establish a report was ordered denied and the report discharged by the Appellate Division, and the defendant appealed.

*W. J. Paquet*, for the defendant.

*H. P. Brown*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries alleged to have been caused by the defendant's agent by reason of the negligent operation of an automobile. The case is before us on two appeals, one from a final order of the Appellate Division of the Municipal Court of the City of Boston vacating the finding of the trial judge and ordering a new trial; the other from a final order of the Appellate Division denying a petition by the defendant to establish a report of the retrial before another judge, and discharging the report.

The proceedings in the Municipal Court, shortly stated, were as follows: At the first trial the presiding judge found for the defendant. The Appellate Division made the order, "Finding vacated; new trial ordered." The defendant

appealed from that order.   The case was tried a second time before another judge of the Municipal Court who found in favor of the plaintiff.   On June 7, 1927, the defendant requested a report, and on July 2, 1927, the judge filed a report. The defendant filed a petition to establish a report.in accordance with Rule 40 of the Municipal Court (1922).   The petition so filed is not before us, and whether it was or was not in proper form we have no means of determining.   On September 21, 1927, the plaintiff filed a motion to dismiss the petition to establish a report for reasons therein set forth; on October 6, 1927, the Appellate Division made this order: "Petition to prove report denied — Report discharged."

We cannot say that there was error in denying the petition to establish the report as there is nothing in the record to show error.   *Herrick* v. *Waitt*, 224 Mass. 415.   *Boston Bar Association* v. *Casey*, 227 Mass. 46, 51.   *Martin's Case*, 231 Mass. 402.   There is, however, printed in the record "Defendant's Request for Report," which reads as follows: "Now comes the defendant in the above entitled action and says that at the trial of this case it requested certain rulings which were denied and claiming to be aggrieved thereby, it requests that the matter be reported to the Appellate Division for determination."   It is plain that this request for a report does not comply with Rule 36 of the Municipal Court (1922), namely: "A request for a report to the Appellate Division shall contain a clear and concise statement of the ruling upon which a rehearing is requested, sufficiently full and accurate for identification."   It is apparent that the Appellate Division rightly discharged the report on the ground that the defendant had not shown itself to be entitled to a report.

In these circumstances there remains for consideration the appeal from the first decision of the Appellate Division.   If there was no error at the first trial, the defendant is entitled to judgment in accordance with the finding at the first trial; if there was error at that time, then the ordering of a new trial was proper and the finding made at the second trial should stand and judgment must be entered for the plaintiff thereon.   The judge before whom the case was first tried filed a report which contains all the material evidence.

It appears from the report that the undisputed evidence shows that on February 26, 1924, at about 6:15 P.M., the plaintiff was driving a taxicab owned by the Town Taxi Company along Boylston Road in Boston; that at the place where the accident occurred the road was unobstructed, the only traffic being the taxi driven by the plaintiff, and, coming from the opposite direction, a Dodge car and behind it a Cadillac car, driven by one Fitzgerald who was alleged to be the servant and agent of the defendant; that the Dodge car was travelling at a speed of about fifteen or twenty miles an hour; that the Cadillac car, when about one hundred fifty to two hundred feet from the taxi, was coming at a speed of about thirty-five miles an hour; that when the defendant's car caught up with the Dodge car, without slowing down it turned toward the center of the road, as if its driver intended to pass between that car and the taxi; that the Dodge car increased its speed as it came to a point nearly opposite the taxi, and the Cadillac car suddenly turned in behind the Dodge car and in so doing skidded across the road, striking the front of the taxi on the left side with great force, throwing it around, and so jammed the cars together that they interlocked; that the plaintiff did not change the course or speed of his taxi; that there was nothing to indicate that the driver of the Cadillac car would suddenly, without warning, attempt to pass between the taxi and the Dodge car, nor that he would so operate his car as to come in collision with the taxi; that when it appeared that he would attempt to pass the Dodge car, it was too late for the plaintiff to take any protective measures and nothing could have been done by him which would have prevented the accident; and that the plaintiff was driving on his right side of the road at a not excessive rate of speed.

Upon this undisputed evidence the judge made certain findings, including a finding that the plaintiff was negligent in failing to stop his car when he observed the car driven by the defendant's agent, one hundred and fifty feet away and coming in the opposite direction, move out of line and try to pass the Dodge car which was immediately in front of it and driving in the same direction; that the plaintiff's lack of

due care was a contributing cause to his injuries; and that the defendant "through its agent or employee was negligent, and that negligence caused the . . . injury to the plaintiff." The judge also ruled that the agent or employee of the defendant was negligent, and refused to rule that the plaintiff was in the exercise of due care.

Upon the entire evidence it could not properly have been found or ruled that the plaintiff was not in the exercise of due care. There was nothing from which it could be found that negligence on the part of the plaintiff contributed to the accident. The undisputed evidence shows that he neither did nor omitted to do anything which would have prevented the collision. The finding that the plaintiff was not in the exercise of due care was without evidence to support it. Accordingly the order of the Appellate Division vacating the finding and ordering a new trial should be affirmed; and judgment should be entered for the plaintiff upon the findings of the judge at the second trial.

*So ordered.*