JOHN ZANI *vs.* PHANDOR COMPANY, EDGAR H. COBB, trustee in bankruptcy, claimant.

Suffolk.    May 9, 1932. — November 29, 1932.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appellate Division: request for report, report; Service of process: waiver of defective service. *Attachment. Trustee Process. Corporation,* Sole, Officers and agents. *Waiver. Estoppel.*

At the hearing of an adverse claim to funds held by an alleged trustee in an action of contract in trustee process in a municipal court, the plaintiff made certain requests for rulings which the judge granted; and the claimant also made certain requests for rulings which the judge granted, but further ruled that nevertheless the claimant's claim was barred. The claimant filed a request for a report to the Appellate Division on the ground that he "duly filed certain requests for rulings . . . which were denied and . . . being aggrieved thereby . . . hereby requests a report." The judge made a full report. *Held,* that

(1) The request for report was informal and incomplete in that it did not accurately state the action of the trial judge upon the requests;

(2) Because the report filed showed what question of law the claimant intended to raise, this court, although *stating* that the question was close on the point, were of opinion that the trial judge had power to report and that the real questions of law in the case were presented on the report.

In the writ in an action of contract in trustee process, returnable in a municipal court on June 1, 1929, the Roman Catholic Archbishop of Boston, a corporation sole, was named as trustee. The return of

service on the trustee set out service upon it by delivery of a copy of the writ to one C "its Agent." The defendant appeared and answered in July, 1929. The trustee appeared for the first time on December 5, 1929, and filed an answer. Later, in answer to interrogatories filed by the plaintiff, it admitted funds due the defendant from it. On January 31, 1930, it amended its answer by setting up a claim made upon it by a trustee in bankruptcy of the defendant. The trustee in bankruptcy in answer to a summons appeared on February 26, 1930, and filed an answer from which it appeared that the defendant had been adjudicated a bankrupt on October 29, 1929, that the trustee had been appointed on December 28, 1929, and that he claimed the funds held under the writ on the ground that service had not been made on the corporation sole as required by law. The defendant then was defaulted and damages against him were assessed. In December, 1930, the plaintiff filed an interrogatory to the alleged trustee as to whether C was its agent for the purpose of being served with process in this action; and the alleged trustee answered "Yes." A judge who heard the adverse claim ruled that the service upon the corporation sole was not valid, but ruled that, both the defendant and the alleged trustee having appeared generally and filed answers and neither having filed a plea in abatement or motion to dismiss, the claimant could not then attack the validity of the service of the writ on the alleged trustee; and ordered the trustee charged. On a report to the Appellate Division, the trustee was ordered discharged. The plaintiff appealed. *Held*, that

(1) The service upon the corporation sole, alleged trustee in the writ, to be valid, should have been that described in G. L. (Ter. Ed.) c. 223, § 37;

(2) The words "in charge of its business," used in said § 37, modify the word "agent" as well as the words "other officer";

(3) The description, by the officer, of C merely as "Agent" of the corporation sole, was not sufficient to show that the service was upon an "agent . . . in charge of its business," as required by said § 37;

(4) Such deficiency in the return could not be supplied, so as to bind the claimant, by answers by the corporation sole to interrogatories propounded by the plaintiff to it as alleged trustee after the defendant had been adjudicated a bankrupt and after the claimant had become a party;

(5) There was no valid service upon the corporation sole as alleged trustee;

(6) Since the defendant was not obliged to raise the question, whether the alleged trustee was chargeable, until there was a finding against him, which did not occur until after he had been adjudicated a bankrupt, and since no acts of the defendant after such adjudication could be effectual against his trustee in bankruptcy, nothing had been done or left undone by the defendant which barred the claimant from asserting his title to the funds;

(7) Acts, or a failure to act, by the corporation sole, alleged trustee, after the adjudication of the defendant as a bankrupt could not affect the rights of the claimant;

(8) The claimant, who had no control over the interrogatories by the plaintiff to the alleged trustee in December, 1930, respecting the service upon the corporation sole, or over the answers made thereto, could not rightly be held to have submitted the case on the actual facts irrespective of the service of the writ on the alleged trustee and to have agreed to the admission of evidence without objection, and therefore to be bound by its probative effect: he had a right to assert his rights as matter of law in view of and notwithstanding those answers;

(9) As against the claimant, the plaintiff had not acquired any lien on the funds in the trustee's hands; and the order of the Appellate Division that the corporation sole be discharged as trustee was right.

CONTRACT. Writ in trustee process in the Municipal Court of the City of Boston, described in the opinion, dated May 22, 1929.

Proceedings in the Municipal Court at the hearing by *Putnam*, J., and facts there appearing are described in the opinion. In his report to the Appellate Division, the judge stated:

"The plaintiff contends that Cobb, as trustee in bankruptcy of the defendant, has no more right to the funds in the hands of the alleged trustee than the defendant itself had at the time it was adjudicated bankrupt, and I so rule. '

"The plaintiff further contends that, both the defendant and the alleged trustee having appeared generally and filed answers and neither of them having filed a plea in abatement or motion to dismiss, the claimant cannot now attack the validity of the service of the writ upon the alleged trustee. I rule that this position is well taken."

Respecting requests by the claimant for rulings, described in the opinion, the judge stated in his report:

"Cobb, the claimant, seasonably presented two requests for rulings of law. I grant both of them but I rule as above stated that the claimant is not now in a position to attack the validity of the service of the writ on the alleged trustee."

The judge accordingly charged the corporation sole on its answer as trustee in the writ, and reported the case to the Appellate Division, where the corporation sole was

ordered discharged as trustee in the writ. The plaintiff appealed.

The case was submitted on briefs.

*H. M. Dowd,* for the plaintiff.

*M. T. Hall,* for the claimant.

RUGG, C.J. The defendant in this action of contract was defaulted and damages have been assessed against it in a substantial sum. The controversy arises between the plaintiff and Edgar H. Cobb, the trustee in bankruptcy of the defendant, as to which of them is entitled to money in the hands of the alleged trustee admittedly due originally to the principal defendant. The facts pertinent to that controversy are these: The plaintiff named the Roman Catholic Archbishop of Boston, a corporation sole, as trustee of the principal defendant in his writ, which was dated May 22, 1929, and was returnable on June 1, 1929. The return of service of the writ on the alleged trustee, under date of May 24, 1929, as amended, was in these words so far as here material: "By virtue of this writ I . . . summoned the within named trustee Roman Catholic Archbishop of Boston to appear and show cause at Court as within directed by delivering to H. V. Cunningham, Esq., its Agent, an attested copy of this writ." The defendant appeared and answered in July, 1929. Although by the docket entries interrogatories to the trustee were filed on November 2, 1929, there is nothing to show that the trustee appeared in court until December 5, 1929, when it filed an answer. Later, in answers to interrogatories, it stated the amount in its hands due to the principal defendant, and on January 31, 1930, was permitted to amend its answer by setting out demand upon it for the entire amount by the trustee in bankruptcy of the defendant, that it had no interest in the matter and was merely a stakeholder, and praying that notice issue to the trustee in bankruptcy of the defendant to appear in court and establish his claim. Such notice issued and the trustee in bankruptcy on February 26, 1930, appeared and filed a claim setting out that the defendant was adjudicated a bankrupt on October 29, 1929, that he was appointed trustee of the bankrupt on Decem-

ber 28, 1929, and that he was entitled to all moneys due to
the defendant from the alleged trustee for the reason that
service of the trustee writ had not been made upon the
alleged trustee as required by law and that hence there
had been no valid attachment of the funds in its hands.
The trial judge found as a fact that Mr. Cunningham was
on May 24, 1929, an agent of the alleged trustee for the
purpose of being served with process in this case. This
finding was in conformity to an answer filed on January 16,
1930, by the alleged trustee to an interrogatory filed by the
plaintiff. The trial judge added: "I do not find that Mr.
Cunningham was an 'agent . . . in charge of' the alleged
trustee's 'business.'"

At the trial the claimant presented two requests for rul-
ings to the effect (1) that service of the writ upon the
trustee could not be made upon its agent and (2) that
service of the writ upon the trustee by the sheriff by leaving
a copy with a person other than the corporation sole and
by making return of having served upon its agent creates
no lien upon the credits in the hands of the corporation
sole which bars the claimant as the trustee in bankruptcy
of the principal defendant from recovering such credits.
The trial judge granted these requests but ruled that, both
the defendant and the alleged trustee having appeared
generally and filed answers and neither having filed a plea
in abatement or motion to dismiss, the claimant cannot
now attack the validity of the service of the writ on the
alleged trustee.

A question of practice lies at the threshold. The claimant
seasonably filed request for a report on the ground that
he "duly filed certain requests for rulings . . . which
were denied and . . . being aggrieved thereby . . . hereby
requests a report." The trial judge made report as re-
quested, setting out the facts and procedure above nar-
rated, provided he had power so to do. The request for
report was informal and incomplete in that it did not
accurately state the action of the trial judge upon the
requests and omitted reference to the ruling of the trial
judge above specified, which resulted in charging the

trustee on its answer and in refusing the relief sought by the claimant notwithstanding the granting of his requests for rulings. If report of that ruling had been requested, no difficulty would arise. Requests for reports ought to be clear and explicit in the interests both of the litigants and of the Commonwealth. The decision of the trial judge, however, was in substance that he regarded the requested rulings as immaterial and inapplicable in law, not because of facts found but because of his ruling of law as to the consequences of appearance and answer by both the defendant and the alleged trustee without raising any objection. It was in truth a refusal to give operative effect to the requested rulings for that reason. If that reason is erroneous in law, there is also error in denying operative effect to the requested rulings. Although the question is close on this point, we are of opinion that the trial judge had power to report and that the real questions of law in the case are presented on the report.

The governing statutes as to service of a writ upon one named therein as trustee are G. L. (Ter. Ed.) c. 246, § 5: "Trustee writs shall be served by copy on each trustee . . ." and in other respects as provided in G. L. (Ter. Ed.) c. 223, § 37. The latter section provides: ". . . In an action against a domestic corporation . . . [such as the alleged trustee] service shall be made upon the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation." The trial judge rightly ruled that the words "in charge of its business" modify the word "agent" as well as the words "other officer."

The question arises whether the amended return of service made by the sheriff was in conformity to the governing statutes and created a lien upon the credit in the hands of the alleged trustee. The rulings presented by the claimant and granted by the trial judge, to the effect that such service was not sufficient and created no lien, were right.

The Roman Catholic Archbishop of the Archdiocese of

Boston and his successors in office were created a corporation sole under the name of the Roman Catholic Archbishop of Boston with succession and enumerated powers subject to all general laws by St. 1897, c. 506. Therefore it is subject to trustee process as are other corporations. The named trustee, although a corporation sole and not a corporation aggregate, is a legal entity incapable of corporate action except through an agent or agents. It is plain that the named trustee is a corporation of a different nature from those incorporated under G. L. (Ter. Ed.) c. 67, § 44. Although doubtless possessing other important functions, there is no incongruity in classing this corporation sole, so far as concerns transactions like that here involved, as an ordinary commercial corporation. Of necessity it must engage in a large amount of pure business in contracting with reference to churches and other buildings to be erected, reconstructed and repaired, holding property, investing charitable funds, and other manifold similar activities. It falls within the category of corporations upon which service of process may be made under the statutes upon an agent in charge of its business.

It is to be observed that the sheriff did not set forth in his return in substance that he had made service of the writ upon the trustee by delivering copy to Mr. Cunningham, its agent for the purpose of receiving service of process. It is not necessary to consider the effect of such a return of service. The sheriff simply stated in his return as amended that he had delivered the copy to Mr. Cunningham as agent of the trustee, without adding that he was agent in charge of its business and without otherwise describing the terms and scope of the agency. Such a return is insufficient and not in conformity to the requirements of the statute. The return must show service upon an agent in charge of the business of the corporation, or some other authorized officer or representative. A return showing service upon an agent is not a good service. An officer may be permitted to amend his return, but deficiency in the return of service of a writ cannot commonly be supplied through evidence. Facts stated in the return of the officer may be assailed in

appropriate instances under recognized procedure and evidence introduced by all parties on issues thus raised, but new facts cannot ordinarily be proved by extrinsic evidence to perfect an insufficient return; that must be done through an amendment by the officer to his return. *United Drug Co.* v. *Cordley & Hayes*, 239 Mass. 334, 338–339, and cases cited. *Browning-Drake Corp.* v. *AmerTran Sales Co.* 274 Mass. 545. *Bay State Wholesale Drug Co.* v. *Whitman*, 280 Mass. 188, 194. Compare *Harriman* v. *Reading & Lowell Street Railway*, 173 Mass. 28, 38.

There is an exception to the rule as to the finality of the officer's return where the parties submit the case on the facts as they actually exist irrespective of the return. *Boston* v. *Tileston*, 11 Mass. 468. *Wolcott* v. *Ely*, 2 Allen, 338. *Commonwealth* v. *Greene*, 13 Allen, 251. *Lowery* v. *Caldwell*, 139 Mass. 88, 91. The case at bar does not fall within that exception. The claimant has intervened as a party. Agreement by the trustee, the original defendant, and the plaintiff cannot affect his rights as a party. The situation is not presented that parties without objection have introduced evidence tending to show the facts where the principal might be invoked that evidence thus introduced was entitled to its probative force, unless in conflict with some substantive rule of law, *Hubbard* v. *Allyn*, 200 Mass. 166, 171; *DuBois* v. *Powdrell*, 271 Mass. 394, 397–398, for the reason that the only evidence in the record supporting the finding that Mr. Cunningham was the agent of the trustee to accept service of this writ is the answer of the trustee to an interrogatory propounded by the plaintiff, filed after the bankruptcy of the defendant and after the claimant became a party to these proceedings. As will be pointed out later, it was open to the claimant to contend that he was not bound as matter of law by this evidence. The general rule, therefore, applies that the service of the writ upon the trustee was not in conformity to the statute and did not establish any lien upon the credits of the defendant in the hands of the trustee.

It remains to inquire whether there has been any waiver of this imperfect service so as to bar the claimant from

asserting title to the credit in the hands of the trustee. So far as concerns the defendant, its acts could be effective only between the return day of the writ and the filing of the petition in bankruptcy, or possibly the adjudication in bankruptcy. During that period the defendant appeared and filed an answer. It did not move to abate so much of the writ as attempted to bring in the trustee, as might have been done. *Blake* v. *Jones,* 7 Mass. 28. The writ could not have been abated as a whole because the plaintiff might proceed against the defendant alone and attempt to reduce his claim to judgment. The defendant was not obliged immediately to raise the question whether the trustee was chargeable. He had a right to be heard upon that question when the case reached the stage for determination whether the trustee was chargeable. *Webster* v. *Lowell,* 2 Allen, 123. *Wilde* v. *Mahaney,* 183 Mass. 455, 458. The case did not reach that stage until after the adjudication in bankruptcy. Therefore, nothing done by the defendant bars the claimant from asserting title to the credit in the hands of the trustee. The claimant is appearing and asserting seasonably objection to the sufficiency of the service on the alleged trustee.

The alleged trustee did nothing between the imperfect service of the writ upon it and the adjudication that the defendant was a bankrupt to waive any imperfection in the service. Upon the adjudication in bankruptcy of the principal defendant, new rights intervened. By § 70 (a) of the bankruptcy act (Act of July 1, 1898, c. 541, 30 U. S. Sts. at Large, 544, 565), it is provided, so far as here material: "The trustee of the estate of a bankrupt, upon his appointment and qualification . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt . . . to all . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him . . . ." We think it plain that, under this provision, if any other creditor of the defendant prior to its bankruptcy had attached its credit in the hands of the corporation sole by

trustee writ served upon it in accordance with the statute, such creditor would have acquired a lien upon that credit and the present plaintiff would have been without remedy against such lien. It seems equally plain to us that the claimant upon his appointment and qualification became vested by law with title to that credit. Of that title he could be divested only by some act of his own, or by some proceeding by which he was bound. The corporation sole named as trustee in the writ in the case at bar could not affect the rights of the claimant. *Isaacs* v. *Hobbs Tie & Timber Co.* 282 U. S. 734, 737.

It is to be observed that at the time the principal defendant was adjudged a bankrupt the trustee had not appeared in court and had not answered. At that time the imperfections in the service upon the trustee had not been cured and they had not been waived. The lien of the plaintiff had not been perfected. The title of the claimant then became fixed. No act of the trustee could divest him of that title or vest in the plaintiff any lien upon the credit in its hands. This seems to us to be the inevitable result both upon reason and upon authority. *Acme Harvester Co.* v. *Beekman Lumber Co.* 222 U. S. 300. *White* v. *Stump*, 266 U. S. 310, 313. *May* v. *Henderson*, 268 U. S. 111, 117. *Moore* v. *Bay*, 284 U. S. 4. *Massachusetts Bonding & Ins. Co.* v. *Kemper*, 220 Fed. Rep. 847. *State Bank of Chicago* v. *Cox*, 143 Fed. Rep. 91. The date of adjudication manifestly was prior to any date on which the plaintiff can rely for the perfection of his lien on the credit in the hands of the trustee.

The relevant events after the adjudication in bankruptcy in this connection were these: On November 2, 1929, the plaintiff filed certain interrogatories to the trustee designed to ascertain the credits due to the defendant in the hands of the alleged trustee, and these were answered on January 16, 1930. On February 26, 1930, the claimant appeared in court and asserted his right to the credit on the ground that no attachment had been made of that credit because no sufficient service had been made on the alleged trustee. This appearance and claim were in response to notice by

the court and in conformity to G. L. (Ter. Ed.) c. 246, § 33. He came into the proceeding as a party and was bound to take it as he found it and subject to its established procedure. On December 19, 1930, the plaintiff filed an interrogatory to the alleged trustee inquiring whether Mr. Cunningham was its agent for the purpose of being served with process in this case at the time the writ was served. The answer was "Yes." The procedure with reference to interrogatories in trustee process is prescribed by G. L. (Ter. Ed.) c. 246, §§ 12–19, both inclusive, and not by c. 231, §§ 61–67, inclusive. *Downing* v. *Downing,* 227 Mass. 7, 9. The claimant was not a party to those interrogatories but he was bound by the truth of all facts there stated; c. 246, § 16. It was permissible for him to raise any questions of law concerning the effect of such answers on his rights. The alleged trustee might waive imperfect service upon it so far as touched its own rights. *Paige* v. *Sinclair,* 237 Mass. 482. Its answer to the last mentioned interrogatory without objection, as well as its general appearance and answer, may be assumed to have amounted to such waiver. But it could not bind the claimant as a third party by its action in these particulars. *Creed* v. *Gilman,* 169 Mass. 562. It was open to the claimant to assert that he was not bound by such waiver. His position taken at the trial was a seasonable assertion of his rights in this particular. He cannot rightly be held to have submitted the case on the actual facts irrespective of the service of the writ on the alleged trustee and to have agreed to the admission of evidence without objection, and therefore to be held to its probative effect. He had no control over the interrogatories by the plaintiff to the alleged trustee, or over the answers made thereto, but he could assert his rights as matter of law in view of and notwithstanding those answers.

The conclusion follows that the contention of the claimant is sound that the plaintiff has acquired no lien on the credit in the hands of the alleged trustee which can be asserted against his title. So far as concerns the parties to this proceeding, he has established his right to this credit.

The trial judge was in error in refusing to give operative effect to the granting of rulings requested by the claimant and in directing that the trustee be charged on its answer. The claimant raises no objection to the order made by the Appellate Division to the effect that the trustee be discharged. It is therefore

*Affirmed.*