Riley, J.
In this action of contract the plaintiff seeks to recover upon a bond given to her by the defendant Lilia O. Morello as principal and signed by the other defendants as sureties the bond being’ dated December 4, 1934.
The plaintiff’s Declaration in substance alleges: “That the bond was given in the penal sum of Three Hundred Fifty Dollars ($350.00) to dissolve an attachment of an Essex automobile of the defendant Lilia C. Morello in an action brought by the plaintiff against the defendant Lilia C. Morello, and others, by writ dated December 1, 1934, and returnable to the District Court of Springfield December 15, 1934. Three Hundred Fifty Dollars ($350.00) was the amount fixed in said bond as the value of said automobile. The bond contained the following condition: ‘The condition of this obligation is such that whereas the said Anna H. LaPlante has caused the goods and estate of the said Lilia C. Morello to the value of Three Hundred Fifty Dollars ($350.00) to be attached on mesne process by virtue of a writ in favor of the said Anna H. LaPlante against the said Lilia C. Morello bearing date the first day of December, A. D. 1934, and whereas the said Lilia C. Morello desires to dis- ■ solve said attachment according to law, in so far as said automobile is concerned; now therefore, if the said Lilia C. Morello shall within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein the amount, Three Hundred Fifty Dollars ($350.00), or so much thereof necessary to satisfy the amount, if any, which she shall recover in said action, and shall also, within thirty days after the entry of any special judgment, which may be entered *548 in said action in accordance witli Section 25 of Chapter 235 of the General Laws of the Commonwealth of Massachusetts, pay to said plaintiff the sum, if any, for which such judgment shall be entered, not exceeding Three Hundred Fifty Dollars ($350.00), then this obligation shall be void, otherwise it shall be and remain in full force and virtue. ’ ’ ’ The defendant’s answer is a general denial.
At the trial there was evidence tending to show: That the action mentioned in the bond in suit, Docket No. 62400 in the District Court of Springfield, (also an action on a bond to dissolve an attachment) was tried in that Court and a finding was made for the defendants. Thereupon, upon request of the plaintiff, the case was duly reported to the Appellate Division where, prejudicial error having been found, the case was sent back to this Court for a new trial. The defendant duly filed a claim of appeal to the Supreme Judicial Court from the decision of the Appellate Division, and duly filed a request for the preparation of necessary papers for transmission to the Supreme Judicial Court under Section 135 of Chapter 231 of the General Laws of the Commonwealth of Massachusetts and the Court thereupon allowed a defendants’ motion for extension of time as follows:
“Now comes the Defendants in the above entitled action, and move that (‘whereas said Defendants have duly filed an appeal to the Supreme Judicial Court from a finding, decision and order of the Appellate Division, finding prejudicial error and remanding the case to the trial court for a new trial, and whereas said Defendants have pursuant to Section 135 of Chapter 231 General Laws filed a request for the preparation of the necessary papers for transmission to the Supreme Judicial Court), the time for the making of the estimate of the expense of such preparation, the time for notification to the Defendants of such estimate, and the time for the payment of said estimate by said Defendants be respectively extended until the time required for the *549 making of the estimate, the time required for the notification of such estimate, and the time required for payment of such estimate following any appeal which may be hereafter be taken to the Supreme Judicial Court from any final decision, decree or order of the Appellate Division which may be hereafter entered in this case.”
Before the new trial was had in this Court the plaintiff filed interrogatories to the defendants. After twenty days had expired the plaintiff filed a written application for a conditional default against the defendants for failure on their part to file answers to thé plaintiff’s interrogatories within twenty days under Bule 13A. Thereupon a conditional default was entered against the defendants and they were duly notified thereof. The defendants did not file answers to said interrogatories within ten days after the entry of the conditional default whereupon said conditional default became absolute and judgment was entered for the plaintiff in a greater amount than Three Hundred Fifty Dollars ($350.00). More than thirty days after the entry of said judgment the plaintiff brought this action. The defendants never paid the plaintiff anything on the bond in suit.
No further action was ever taken by the plaintiff or defendants with reference to the above appeal to the Supreme Judicial Court and nothing was ever done by the Clerk of Court toward perfecting said appeal. It was agreed by the parties that in the matter of perfecting the defendants ’ appeal from the Appellate Division to the Supreme Judicial Court, the defendants had done all things required of them up to the time the judgment for the plaintiff was entered on the failure of the defendants to answer the interrogatories.
At the close of the trial and before final arguments the plaintiff made the following requests for rulings:
*550 1. The judgment obtained by the plaintiff against the defendant Lilia C. Morello in the action mentioned in the bond, a copy of which is annexed to- the plaintiff’s declaration, is conclusive against said defendants in this action.
2. The judgment obtained by the plaintiff against the defendant Lilia C. Morello in the action mentioned in the bond, a copy of which is annexed to the plaintiff’s declaration, is conclusive against the defendants Howard S. Edgerly and Joan C. Edogerly in this action.
The Court denied both plaintiff’s requests for rulings, found for the defendants, and made the following rulings:
“The Court rules that since the appeal by the defendant in the prior action (Docket No. 62400, in which the bond herein sued upon was given to dissolve an attachment) to the Supreme Judicial Court from the decision of the Appellate Division ordering a new trial therein, still pending and the docket of said prior action on December 11, 1936, after the defendant’s failure to answer interrogatories, was not a ‘final judgment’ within the terms of the bond to dissolve the attachment here sued upon, and consequently that the necessary condition precedent to the seasonable bringing of this action, as alleged in the plaintiff’s declaration, has not occurred. (See Stafford vs. The Commonwealth Company, 263 Mass. 240; also article by Hon. Henry T. Lummus in IX Boston University Law Review, p. 255 at p. 228 and cases cited.)
The Court denies the plaintiff’s two Bequests for Bulings because they are not in accordance with the foregoing rulings made by the Court.
The Court having found' for the defendant does not pass upon the defendant’s Bequests for Bulings.”
The trial judge at the request of the plaintiff reported the correctness of the foregoing rulings made by him.
The bond in suit appears to have been given under the provisions of G. L. (Ter. Ed.) Ch. 223, §120. The phrase “final judgment” as used in this Statute has been held to mean that judgment which in fact does end the litigation, by an order of the court in which the cause was begun, or *551 of some higher court to which it is carried entered in the cause itself, and by virtue of the process by which the suit was commenced. Russia Cement Co. vs. LePage Co., 174 Mass. 349, 354.
For the purposes of this decision we will assume in favor of the plaintiff that the default of the defendants for failure to answer interrogatories propounded by the plaintiff under Rule 13A of the District Courts might be the basis of a final judgment under the terms of the bond. See Martiniello vs. Rovitalle, Mass. A. S. (1936) Page 207. We do not pass upon the question as to whether judgment was properly entered by the Clerk of the District Court upon this default or whether, since the action in which the default was rendered was one upon a bond, the amount for which execution should have been issued ought to have been passed upon by the court. See G. L. (Ter. Ed.) Ch. 235, §§9 and 10.
In view of the fact that the appeal by the defendants in the prior action to the Supreme Judicial Court from the Appellate Division’s order for new trial therein was still pending, we do not think that the judgment entered against the defendants for failure to answer interrogatories after this appeal was taken was a final judgment within the terms of the bond in question. It was agreed by the parties that in the matter of perfecting the defendants ’ appeal from the Appellate Division to the Supreme Judicial Court the defendants had done all things required of them up to the time that judgment was entered for the plaintiff for the defendants’ failure to answer interrogatories. This appeal could not be entered by the defendants in the Supreme Judicial Court until after the disposition of the case following the order of the Appellate Division for a new trial. Matson vs. Sbrega, 250 Mass. 138. Beacon Tool etc. Co. vs. National etc. Co., 252 Mass. 88.
*552 It would seem that the defendants were in no worse position after this default was entered against them for failure to answer interrogatories than the defendant was in the case of Stafford vs. The Commonwealth Co., 263 Mass. 240. The defendants still had a right to have the order of the Appellate Division appealed from heard by the Supreme Judicial Court although they had saved no rights in respect to the judgment rendered against them upon their default. If the defendants did not duly perfect, prosecute or enter their appeal in the Supreme Judicial Court the plaintiff could have applied to the Appellate Division to have the appeal vacated or dismissed under G. L. (Ter. Ed.) Ch. 231, §109 or G. L. (Ter. Ed.) Ch. 231, §135. Buchannan vs. Meisner, 279 Mass. 457. She did not choose to do this, however, but brought the present suit after 30* days had elapsed from the date of the judgment against the defendants for their failure to answer the plaintiff’s interrogatories. The trial judge in the present action could not pass upon the merits of the defendants ’ appeal in the former action or disregard it or dispose of it. Under the Statute, the Appellate Division was the only tribunal that could dispose of this appeal unless it had been properly entered in the Supreme Judicial Court. The appeal could not have been properly entered in that court until after judgment had been rendered against the defendants for their failure to answer interrogatories or some other disposition of the case had been made by the trial court after the order of the Appellate Division granting a new trial. The record does no1 show that the defendants were at fault in failing to enter their appeal at the time the plaintiff’s present suit was brought. This suit seems to have been brought prematurely-
If the defendants’ appeal in the prior action has not as yet been entered in the Supreme Judicial Court it is still *553 open, to the plaintiff to move to dismiss or vacate this appeal and if snch appeal, is vacated or dismissed the judgment which she has obtained by default may stand upon a different footing.
We think the trial judge was right in his ruling that as the case stood the judgment in favor of the plaintiff entered by reason of the failure of the defendants to answer the plaintiff’s interrogatories was not a final judgment. The Report is therefore ordered dismissed.