Jones, P. J.
This is an action of contract. Defendant’s answer is general denial and payment.
At the trial on the merits of the case the defendant duly filed requests for rulings, viz:
1. The evidence is insufficient to warrant a finding for the plaintiff.
2. There is no evidence to warrant a finding that the defendant had or received any money to the plaintiff’s use.
These requests were denied December 20, 1939, and due notice thereof given the parties. December 26th following, defendant’s request for a report was filed. This request was as follows :
Now comes the defendant in the above entitled action and says that at the trial of said action the defendant duly filed certain requests for rulings of law, which requests for rulings are on file; that, the Court disallowed or denied all of the defendant’s requests, and the defendant claiming to be aggrieved thereby asks *288 that the same be reported to the Appellate Division for determination.
Upon December 30 of the same year, defendant filed a draft report involving the propriety of the denial of the aforesaid requests for rulings. Upon January 4, 1940, plaintiff filed a motion that defendant’s request for a report be disallowed and a motion to dismiss plaintiff’s request for a report because defendant’s request for a report did not comply with Rule XXVII, and because there was no specification of the ground upon which such requests were made. By this motion, the plaintiff challenged the basis of the defendant’s appeal to this division on the merits of the case.
The original rule applicable to the filing of a request for report is contained in Rule XXVII of the Rules of the District Courts, which provides that a written request for a report to this division must be filed within five days after notice of the final finding in any case. We assume in the absence of any evidence otherwise in this case that the defendant had notice of the finding for the plaintiff in this case on December 20, 1939 at the latest. So we must now consider what was done by the defendant to effect his appeal. The plaintiff claims that the defendant’s step to effect this appeal was ineffective because the defendant did not set forth his grounds for appeal, as required by the rule above, which in addition to the requirement of the rule as to time of filing requires that the request for report “shall contain a clear and concise statement of the rulings upon which a re-hearing is requested, sufficiently full and accurate for identification.”
This is not a new question and has been passed upon by the Supreme Judicial Court in a number of cases. The defendant claims that the form of his request is a sufficient compliance with the rule quoted, and as sustaining his position relies upon the case of Zani vs. Phandor, 281 Mass. *289 139. An examination of this case does not, in our opinion, assist the defendant. We understand from the opinion that the report in that case was held properly before the Supreme Judicial Court and this, we understand, was all that is decided in relation to the point raised by the plaintiff herein. The only matter decided thereby is that with some doubt it was held that the trial judge “had power to report the case to the Supreme Judicial Court and that the real questions of law in the case were presented on the report.” We do not think the case goes any further in the respect we are considering, than to say that it was a report under the provisions of §108 of C. 231 of the Gk L. (Ter. Ed.) which provide that, “A single justice may, after decision thereon, report for determination hy the Appellate Division any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only.”
It is to be noted that the rule under consideration requires that a request for a report shall contain, in itself, a clear and concise statement of the rulings upon which the rehearing is requested sufficiently full and accurate for identification. This, language implies that the request shall contain all of these requirements. It cannot be gathered by reference to other papers. It must be sufficient without reference to other papers.
The case seems to us to be governed by the case of Rollins vs. Perry, 284 Mass. 488. In this case, in speaking of this rule under consideration, it was stated that “It demands a full and accurate statement of the rulings concerning which review is sought.” Stafford vs. Commonwealth Co., 263 Mass. 240, 242.
In Rollins vs. Perry, 284 Mass. 488, the request for report was in this language:
“Now comes the defendant in the above entitled action, and being aggrieved by the rulings and findings of the *290 court therein and by the refusals to rule and to find as requested by the defendant in writing before argument, and because the findings and rulings of the court are against the law and the evidence and the weight of the evidence, objects and excepts thereto and requests a report thereon to the Appellate Division for determination. ’ ’
Here was a request almost in the same form as the one before us; there was a reference to the rulings requested as in the case at bar, yet this was held insufficient. And in holding this insufficient, the Supreme Judicial Court said it is plain that this request did not conform to the rule. It contained no “statement of the rulings” upon which the rehearing was denied. “It merely referred to requests for rulings which had been filed ... in writing and which perhaps might be identified. The rule requires something more. It demands a full and accurate statement of the rulings concerning which review is sought.”
Again, in Almeida vs. Alsdorf, 291 Mass. 115, this same question was before the court under a request for a report wherein the appealing party stated that “being aggrieved by the refusal of the Justice to give the rulings of law requested by him (the defendant) requests that the matter be reported to the Appellate Division, ’ ’ and the report was ordered dismissed.
And in the opinion in the latter case, it said the case was held clearly distinguishable from Zani vs. Phandor, 281 Mass. 139, the case relied upon by the defendant here.
Neither does the defendant have a right to his appeal, as he might, if he had filed his report within the time, to wit: of five days allowed for filing his request for a report. Gen. L., 1933, c. 251, §1. Conway vs. Murphy, 287 Mass., 536.
The disallowance of plaintiff’s motion is overruled and plaintiff’s motion is allowed. Judgment is to be entered for the plaintiff.