Gillen, J.
This is an action of tort or contract in which the plaintiff seeks to recover against the defendant, á foreign railroad corporation, the common carrier, for alleged delay and damage to a shipment of meat consigned to the plaintiff over the railroad lines of the defendant.
*464 • The action was commenced by a trustee writ naming; Boston and Maine Railroad as Trustee and service was had upon the said railroad as Trustee. Service of the original writ was made upon one O. D. S. G-etzfread, as appears from the officer’s return. The defendant appearing specially filed a Motion to Dismiss and Answer in Abatement. An Order of Personal Notice subsequently issued on the plaintiff’s motion and this notice was served upon one M. J. Connelly as appears from the officer’s return. To this Order of Personal Notice, the defendant filed a further motion to dismiss and Answer in Abatement. The Boston and Maine Railroad, summoned as Trustee in the original action, filed an Answer of Funds covering several pages, alleging in substance that although it had funds in its hands belonging to the principal defendant, that-said funds were balances arising out of interstate commerce and that by reason of set-offs and countercharges existing between the Trustee and the principal defendant it was not possible to state the exact amount due at the time of service of the writ. It was, however, admitted by counsel in open Court that at the time of service of the writ upon the Trustee, it had in its hands and possession funds belonging to the principal defendant far in excess of the amount of the ad damnmrs of the writ. The Motions to Dismiss filed by the defendant were waived in open Court at the hearing on the Answers-in Abatement.
The returns of service on the writ and, on the order of personal notice are as follows:
Officer’s Return Suffolk, ss. Boston, November 16th, 1939. By virtue of this Writ, I this day at forty-five minutes past ten o’clock A. M. summoned the within named trustee corporation, Boston and Maine Railroad, to appear and show cause at Court as within directed by *465 delivering to A. J. Thereau.lt, Esq., its Chief Clerk in the Paymaster’s Office, and the person in charge of its business an attested copy of this writ, and afterwards on the same day at twenty-five minutes past eleven o’clock A. M. attached a chip as the property of the within named defendant corporation The New York, Chicago & St. Louis Railroad Company as within described and afterwards on the same day I summoned said defendant corporation to appear and answer at Court as within directed by delivering to O. D. S. Getzfread, Esq., its New England Dairy Perishable Agent, an attested copy of this writ.
Arthur, E. Byrnes,
Constable of the City of Boston.
OFFICERS RETURN
Boston, January 29, 1942.
By virtue of this order, I this day attached a chip as the property of the within named defendant, New York, Chicago & St. Louis Railroad Co., a corporation, and afterwards on the same day, I summoned the said defendant corporation to appear and answer at Court as within directed, by delivering to M. J. Connelly, its agent in charge of its business, a true and attested copy of this order of Personal Notice.
Meyer, Goldstein,

Constable of Boston

At the hearing on the defendant’s answer in abatement the evidence consisted of an agreed statement of facts, oral testimony of O. D. S. Getzfread, New England Dairy and Perishable agent of the defendant plus a letter from the latter to the plaintiff. The trial judge sustained the answers in abatement. The defendant claims to be aggrieved by said action.
*466 An answer in abatement is the proper pleading device when one seeks to set up improper service and when reliance is placed on facts not appearing on the face of the record as to which there may be a trial. Paraboschi v. Shaw, 258 Mass. 531 at 532.
Section 38 of chapter 223 of the General Laws is as follows: “In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business, in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the proceeding section relative to service on domestic corporations in general, instead of upon the commissioner of corporations and taxation under section three of chapter one hundred and eighty-one.”
Section 37, referred to in said Section 38, is as follows: “In an action against a county, city, town, parish or religious society, or against the proprietors of wharves, general fields or real estate lying in common, who are incorporated, service shall be made upon the treasurer thereof, or if no treasurer is found, upon one of the county commissioners, the city clerk or one of the aldermen, the town clerk or one of the selectmen, upon one of the assessors or standing committee of the parish or religious -society, or upon one of the proprietors of such land' or other estate, as the case may be. If there are no such officers as are mentioned in this section, service shall be made upon one of the inhabitants of the county, city or town, or upon one of the members of the corporation. In an action against a domestic corporation other than those mentioned heretofore in this section, service shall be made upon the president, treasurer, clerk, cashier, secretary, agent or other officer .in charge of its business, or,, if no *467 such officer is found within the county, upon any member of the corporation.”
On all the evidence, assuming that the trial judge concluded that the defendant was a foreign corporation which is without a usual place of business within the commonwealth but is engaged in or soliciting business in the commonwealth, and we cannot say that he did not so conclude, the plaintiff must go further and show that the return of the officer on the services met the requirements of G-. L. chapter 223, section 37.
The return of service on the writ shows that O. D. S. Getzfread, Esquire, New England Dairy Perishable Agent (of defendant) was the party served. On the order of personal notice the return of service shows that M. J. Connelly, its agent (defendant) in charge of its business was served. As to Getzfread and Connelly there was evidence that the office of defendant at 140 Federal Street, Boston, was occupied by one M. J. Connelly, the New England Freight Agent of the defendant and by other solicitors including one O. D. S. Getzfread, New England Dairy and Perishable agent. We do not think that on these facts and the other evidence in the case that the trial judge was compelled' to reach a conclusion that Connelly and ■Getzfread were “agents or other officers in charge of its business. ’ ’
We think the evidence warranted a conclusion that Connelly and Getzfread were not in charge of the business but were solicitors of freight for the railroad. There are no requests for rulings of law and the correctness of the action of the trial judge is not now open to review. Reid v. Doherty, 273 Mass. 388.
But the plaintiff urges further that he has acquired jurisdiction by an effectual attachment by trustee process of the property of the defendant within the commonwealth un *468 der Gen. Laws Ter. Ed. chapter 227, section 1 which reads in part as follows: “A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he or his agent appointed under section five has been served with process in the commonwealth, or unless an effectual attachment of his property within the commonwealth has been made upon the original writ. ...”
What the plaintiff contends here is that the service on the trustee corporation by “delivering to A. J. Thereault, Esq., its chief clerk in the Paymaster’s office, and the person in charge of its business an attested copy of the writ” is good service and an effectual attachment.
But the court in Zani v. Phandor Co., 281 Mass. 139, held that even in this situation the trustee must be served in compliance with G. L. Chap. 223, sec. 37 and that service must be made on the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business and it does not appear that the statute was followed in the instant case and this service is therefore invalid. The use of the word “person” in the return of service invalidated it.
Nor do we think that because no objection was made to this service that the trial judge must close his eyes to the obvious error in the return of service.
It has been held that “if the defect is a jurisdictional one neither consent nor waiver can remedy it.” Zani v. Phandor Co., 193 B. M. C. 171281 (1929) and cases cited.
The defendant was not obliged immediately to raise the question whether the trustee was chargeable. He had the right to be heard upon the question when the case reached the stage for determination whether the trustee was chargeable. Zani v. Phandor Co., 281 Mass. 139.
The trial judge should not be compelled to overlook an apparent invalid service because the question was not for- *469 molly raised any more than he is compelled to enforce an illegal contract when the illegality is not set up in the pleadings. Baskin v. Pass, 302 Mass. 338 at 342.
In view of our conclusion it is not necessary to pass upon another phase of the case raised by both sides in argument and brief, namely, whether the shipment was in interstate commerce; whether the defendant was engaged in interstate commerce here; and whether the solicitation of business was such a solicitation as is designated in G. L. chapter 223, sec. 38.
We hold that all the services were invalid. The order is Report dismissed.