Hibbard, P. J.
This case is. before us upon two reports. One is presented by the plaintiff and is based upon the disallowance of its motion for disallowance of defendant’s request for report. This motion is based upon an alleged failure to comply with the rules of the District Court. The request as set forth in the report was of the following tenor :■
“Now come the defendants in the above entitled action and say that at the trial of said action they duly filed certain requests for rulings of law which rulings are on file; that the Court denied the defendants’ requests for rulings numbered la, lb and lc ‘for the reason that such rulings would be inconsistent with the findings made . . . and not applicable to the facts of this case; and the defendants claiming to be, aggrieved thereby ask that the same be reported to the Appellate Division for determination.’ ”
After hearing, the Court noted on the motion the word “Denied.” The applicable rule of the District 'Courts is *278 numbered 27. The contention of the plaintiff is that when the defendants filed their request for a,report specifying as error the denial of “certain requests for rulings of law which rulings are on file” and further identified them as “requests for rulings numbered la, lb and lo,” the request was not in compliance with said Eule 27 in that it did not “include a clear and coneisé statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification.”
In our opinion the request for a report was not in compliance with the provisions of said Eule 27 as interpreted by the following cases: Stafford v. Commonwealth Company, 263 Mass. 240 at 242. Rollins v. Perry, 284 Mass. 488 at 489. Almeida v. Alsdorf, 291 Mass. 115 at 116. Ahern v. Tolle, 310 Mass. 695 at 697. Barton v. City of Cambridge, Mass. App. Div. Reports Vol. 9, No. 3, page 99.
The other report rested upon a claim by the defendant based upon the refusal of the Court to rule as requested in defendant’s requests-numbered la, b and c and the Court’s failure to properly apply' defendant’s request numbered 2 to the facts of the case. These requests were as follows:
‘ ‘ 1. On all the evidence, pleadings and the law, the plaintiff cannot recover in this action because: (a) The evidence does not warrant a finding of any negligence on the part of the defendants which caused or contributed to the damage to the property of the plaintiff as alleged in his declaration, (b) The evidence does not warrant a finding that the damage to the plaintiff’s property was caused by any breach of duty owed by the defendants to the plaintiff by virtue of any contractual obligation or otherwise, (c) The defendants, as administrators of the estate of Clinton B. Jenne, owed no obligation to the plaintiff, contractual or otherwise, which could render them liable to the plaintiff for the damage to the plaintiff’s property as alleged in his declaration. 2. If the status of the defendants with reference to the plaintiff’s property can be construed as *279 bailees for hire, that the defendants owed the plaintiff only a duty to use ordinary care in connection with the custody of the property of the plaintiff, or such care as prudent men exercise in the conduct of their own affairs, or with reference to their own property.”
Although in our opinion there was prejudicial error in the denial of the plaintiff’s motion for the disallowance of the defendant’s request for a report and the plaintiff was not entitled as of right to the second report, we construe this latter as one filed by the Trial Judge of his own volition. (LaCaisse Populaire Credit Union vs. Cross, 293 Mass. 190 at 192). We have considered the requests hereinbefore set forth. As to those numbered la, lb and lc, the Court’s denial was for the reason that such rulings would be inconsistent with the findings of fact made by him. These findings were justified by the evidence and the permissible inferences to be drawn therefrom.
Request numbered 2 was given by the Trial Court but with the statement that “I . . . find it inconsistent with the findings made by me and so it is not applicable to the facts of the case. ’ ’
Without reciting the evidence in detail, the action was one of tort and contract, the plaintiff seeking to recover for damage to its motor vehicle alleged to have been frozen in a garage operated by the defendants, which freezing resulted from the failure in the heating system in the garage. The finding by the Trial Court was as follows:
“Upon all the evidence I find that there was an implied contract between the plaintiff and the defendants that the rent and condition of storage would be the same as had previously been agreed to between the plaintiff and the defendants ’ intestate.
I find that the damage to the truck of the plaintiff was due to negligence on the part of the defendants in not keeping the garage properly heated and in not seeing that the water was drawn off from the radiator of *280 the truck after the heating plant failed to keep the premises heated. I therefore find for the plaintiff and assess damages in the sum of $300: ’ ’
The action of the Trial Judge does not disclose any prejudicial error. The report is to be dismissed.