*Northern District*

No. 4850

**DORA ROOD**

v.

**BESSIE SHAPIRO**

**AND**

**BROADWAY NATIONAL BANK, TRUSTEE**

(June 8, 1955)

*Gadsby, P. J.* This is an action in contract, the declaration being in two counts. The plaintiff has waived Count 1. Both parties at the hearing before this Division agreed that:

The sole question was whether the trial Court was correct in allowing a motion of the defendant to dismiss the plaintiff's request for a report because of the failure of the plaintiff to comply with Rule 27 of the District Court.

The report itself states that the defendant's motion was based on the failure of the plaintiff to comply with the rules of the District Court. Rule 27 was not expressly mentioned but it was agreed by counsel that the action of the Court was based on failure of the plaintiff to comply with Rule 27.

The plaintiff filed 8 requests for rulings of law, all of which were denied by the Court. The request of the plaintiff for a report was as follows:

The plaintiff duly filed a request for a report as follows:

"The plaintiff says that at the trial of said action she duly filed certain requests for rulings of law which rulings are on file and which were denied by the Court. The plaintiff claiming to be aggrieved thereby asks that the same be reported to the Appellate Division for determination."

The pertinent provision of Rule 27 is as follows:

"The written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification." In this case there was no way the Court could tell from the request whether the particular rulings applied to count 1 or count 2 which had been waived by the plaintiff at the close of the evidence. It would appear that the case of *Rollins v. Perry*, 284 Mass. 488 is in point. The Court at 489 said:

"It is plain that the request did not conform to the rule. It contained no statement of the rulings upon which the rehearing was desired. It merely referred

to requests for rulings which had been filed by the defendant in writing and which perhaps might be identified. The rule requires something more. It demands a full and accurate statement of the rulings concerning which review is sought." *Stafford v. Commonwealth Company,* 263 Mass. 240, 242. *Zani v. Phandor Company,* 281 Mass. 139, 144.

In *Perry v. Hanover,* 314 Mass. 167, the plaintiff claimed to be aggrieved by the rulings and findings made by the Court without specifying such rulings. The Court at 168 said, "This report is objectionable in form."

Rule 27 must be strictly enforced. The motion of the defendant to dismiss the report was properly allowed. *Murphy v. Barry, Inc.,* 295 Mass. 94 at 97.

There being no prejudicial error, the report is therefore ordered dismissed.

Anna Rood, for the plaintiff.

Samuel Leader, for the defendant.