*Municipal Court of the City of Boston*

No. 435359

**LOUIS J. ALTSHULER**

v.

**JAMES MARTIN FIELD**

(March 23 — March 28, 1957)

*Adlow, C. J.*    In this action of contract the plaintiff seeks to recover on a written agreement in which the defendant agrees to pay to the plaintiff one third of the amount of an inheritance which through the plaintiff's efforts were to be made available to the defendant. It is unnecessary to summarize the evidence as the sole question before the court concerns a petition to establish a report filed by the defendant.

At the trial the court heard the parties and their witnesses and at the close of the evidence the defendant filed requests for rulings which were six in number. The court thereupon reserved the cause for its consideration and thereafter made a finding for the plaintiff in the amount of $1,936.84. On the card on which the findings were recorded appears a notation, "Memo of Rulings made." The defendant's requests for rulings and the court's disposition of same were as follows:

1.  The determination of the validity of the contract is governed by the laws of Maine. *Granted.*

2.  There is no consideration for the contract declared upon. *Denied.*

3.  The parol evidence rule is not applicable where fraud in inducement is offered by parol. *Granted.*

4.  The defendant may not be held to a contract when he was led to misunderstand its terms by the plaintiff. (*Defendant not misled*). *Granted.*

5.  If the manifestations of the plaintiff are uncertain or ambiguous and he has no reason to know that they may bear a different meaning to the defendant from that which he himself attaches to them, his manifestations are operative in the formation of a contract only in the event that the defendant attaches to them the same meaning. *Granted.*

6.  Something which has been given before the promise was made cannot be legal consideration. *Granted.* (*Nothing given before.*)

Upon receiving notice of the court's findings the defendant filed a draft report in which he recited his requests for rulings as filed at the trial, but made no mention of the court's rulings with respect to the requests as noted above. Instead, the defendant alleged in his draft report with respect to the court's disposition of his requests: "There were some pen and ink notations upon the left side of the defendant's requests for rulings."

The court thereupon disposed of the defendant's draft report by noting thereon: "The within request for a report is hereby disallowed as a claim of report as not being in conformity with rule 31 of the Rules of this court."

The action of the court was proper. The draft report was not drawn in a manner conformable to Rule 31 which clearly requires that:

"Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks a rehearing by the Appellate Division, the stage of the case at which and the manner in which the same arose, how he claims to be prejudiced by such rulings, and any other facts essential to a full understanding of the questions presented."

The Rules also contain a form of report for the guidance of counsel in the preparation of reports which provides in part for a recital of the particular rulings with respect to which the appellant is aggrieved. The exact words used in this form are "here state in detail and accurately the rulings given or refused by which the party claims to be aggrieved." (Rules of the Municipal Court of the City of Boston — 1952, p. 45-46.)

The defendant has in no manner complied with this requirement. He has refused to note the rulings made by the court or to set forth those which he claims to have prejudiced his cause. Instead he has

wilfully ignored the rulings and has contemptuously referred to them as "pen and ink notations upon the left side of the defendant's requests for rulings". Considering the actual situation resulting from the court's granting all of the defendant's requests for rulings except one, the defendant's refusal to consider the court's disposition of his requests as rulings serves no purpose except to confuse the possible issues which might be raised by a properly prepared report.

The defendant's right to a report is predicated on his compliance with the rules of the court. His failure to set forth the rulings by which he is aggrieved is fatal to his petition. *Stafford v. Commonwealth Co.,* 263 Mass. 240, 242; *Rollins v. Perry,* 284 Mass. 488.

*Petition to establish report denied.*

Ellison and Fram, for the Plaintiff.
Rogers and Mamber, for the Defendant.